## WATSON and others *against* WATSON.

The return of an officer, whether on mesne or final process, is *prima facie* evidence only, and liable to be disproved.

Where the execution debtor refused to choose an appraiser; and the creditor, without the concurrence of the debtor, appointed the three appraisers; and the officer thereupon proceeded to set off the land levied upon, and stated in his return, that the appraisers were mutually agreed on, by the creditor and the debtor; it was held, in an action of ejectment for the land, brought by *devisees of the creditor against the debtor*, that these facts evinced a fraudulent combination between the creditor and the officer, by reason of which the creditor acquired no title to the land.

This was an action of ejectment, tried at *Hartford, February* term, 1827, before *Hosmer,* Ch. J.

The plaintiffs claimed title to the demanded premises, as devisees of *John Watson,* deceased, by the levy of certain executions in favour of the devisor against the defendant. These executions were levied by *Titus L. Bissell,* a deputy of the sheriff of *Hartford* county, who returned upon them, that he had set off the land in question, and that the appraisers were mutually agreed on, by the creditor and the debtor. The defendant claimed, that the return of the deputy sheriff was false and fraudulent; and in support of this claim, he adduced testimony to prove, that on the application of this officer, the defendant refused to choose an appraiser, and that the appraisers were all appointed by the creditor, without his, the defendant's, concurrence. The evidence was received, by consent of the parties, subject to the opinion of the court on its competency. The plaintiffs relied on the return of the officer, as being conclusive evidence; and the defendant insisted, that it was *prima facie* only, and liable to be disproved. The court decided, that

parol evidence, in contravention of the officer's return, was admissible; and the testimony adduced was suffered to go to the jury, who returned a verdict for the defendant. The plaintiff moved for a new trial, on the ground that the decision of the court was erroneous.

*T. S. Williams*, in support of the motion, contended, 1. That the return of an officer on an execution, is conclusive evidence of the facts stated in it, except in cases of fraud or collusion. When fairly and regularly made, it cannot be directly attacked, by parol evidence. This is, unquestionably, the rule of the *English* law: *Com. Dig. tit.* Retorn. G. *Rex* v. *Elkins,* 4 *Burr.* 2127. *Barr* v. *Satchwell,* 2 *Stra.* 813. The same rule has been adopted in this country. *Estabrook* v. *Hapgood,* exr., 10 *Mass. Rep.* 313. *Lawrence* v. *Pond,* 17 *Mass. Rep.* 433. *Wilson* v. *Hurst's* exrs. 1 *Pet. Rep.* 441. *Hayden* & al. v. *Dunlap,* 3 *Bibb* 216. *Burnley* v. *Lambert,* 1 *Wash. Rep.* 308. The reasons on which the rule is founded, operate with full force in this state. It is, and always has been, an unbending principle in our jurisprudence, that the title to real estate shall appear of record. The return of the officer on an execution, becomes a part of the record. 2 *Tidd's Pract.* 934. This alone is to be resorted to, in the investigation of title; and it can neither be extended, nor diminished, by parol evidence. It is of the utmost importance that persons deriving title through the officers of the law, should be protected. It would be monstrous to require every purchaser under the levy of an execution, to be prepared with parol evidence to support his title. These principles were distinctly recognized, by this court, in *Metcalf* v. *Gillet,* 5 *Conn. Rep.* 400, 404. The same rule of policy, which precludes a party from eking out a title to real estate by parol, secures a return from which a title is derived, from attack by parol.

2. That the facts shewn on the trial, did not constitute fraud. All that appears in relation to the defendant, is, that the officer applied to him to appoint an appraiser, and he refused to appoint one. In relation to the creditor, nothing appears, except that he nominated the appraisers. If the officer made a false return, the creditor is not responsible for it. He gave no direction to the officer with regard to his return. He may have mistaken his rights; but he was guilty of no fraud. His attempt to appoint all the appraisers, was, of itself, a harmless

act. The injury does not result from this act, but from the subsequent false return of the officer. If either party suffers from this, let him look to the man who did it.

*N. Smith* and *W. W. Ellsworth*, contra, contended, 1. That an execution debtor, whose land has been taken from him, may shew the *facts*, whatever the return may say. Not-having had any opportunity to be heard on the matters stated in the return, he ought not to be concluded by it. With regard to *mesne* process, the law in this state is well settled. Nothing is more common than for a party to plead in abatement, that the service was not made according to the return. Though *prima facie* evidence, it is not conclusive. *Butts* & al. v. *Francis*, 4 *Conn. Rep.* 424, 426. In *Aldrich* v. *Kinney*, 4 *Conn. Rep.* 380., the defendant was permitted to go back of the judgment, and attack the return. There is no reason why *final* process should not be subject to the same rule.

In *Metcalf* v. *Gillet*, the point decided was, that the return must be wholly in writing ;—that it could not be eked out by parol. This has no bearing on the question, whether a return in writing, which is good on the face of it, may be shewn to be false.

If the return could not be disproved, a debtor might lose his land, when no legal step had been taken on the execution. It might be taken from him, without his even knowing it.

2. That there was evidence of fraud, sufficient to go to the jury. The creditor nominated all the appraisers, and the officer acted on this nomination, both knowing that this could not legally be done. Both knew, that to make the proceedings of any avail, the officer must make a false return. He did in fact make a false return ; and the creditor claimed title under it.— Might not the jury, from this transaction, infer fraud in both? Might they not say, at least, that the creditor had adopted the fraud of the officer ?

But suppose that no fraud is imputable to the creditor ; yet if the officer was guilty of a fraud, the creditor would get no title. This is all that the case requires.

HOSMER, Ch. J. The jury, on the legal presumption that they exercised their jurisdiction soundly, must necessarily have found, that the return of the officer was untrue ; that the defendant refused to choose an appraiser ; and that, without his

assent or concurrence, the appraisers were exclusively appointed by the creditor.

*Hartford,*
*June,*
*1827.*

Watson
*v.*
Watson.

Whether the testimony adduced by the defendant, was competent, and if so, sufficient to invalidate the return on the executions, are the only questions presented by the motion.

It is a general rule of the *English* common law, that the return of a sheriff on an execution, except in relation to himself when sued, is absolutely conclusive. 19 *Vin. Abr.* 196, 199. *Com. Dig. tit.* Retorn. G. The reason assigned for not admitting an averment against the return of the sheriff, is, that he is a sworn officer, to whom the law gives credit. 19 *Vin. Abr.* 196. 201.

The rule of common law relative to the return of a sheriff on mesne process, is the same; and it necessarily must be, as it falls within the same reason. 19 *Vin. Abr.* 197, 199, 201, 202. *Flud* v. *Penington, Cro. Eliz.* 872. *Stayton* v. *Chester,* 4 *Mass. Rep.* 478. *Estabrook* v. *Hapgood,* exr. 10 *Mass. Rep.* 313.

In *Metcalf* v. *Gillett,* 5 *Conn. Rep.* 400. in view of the common law doctrine referred to, an *obiter* opinion was expressed, that an officer's return on an execution can neither be extended nor diminished by parol. It is unnecessary to consider how far this opinion was designed to extend. It is sufficient to remark, that the general question regarding the conclusiveness of an officer's return, is now, for the first time, brought *directly* before the court; and that it demands a careful and deliberate decision.

To every practising lawyer it is familiar, that the return of a sheriff on mesne process, is held, by the courts in this state, to be *prima facie* evidence only. This, so far as my knowledge extends, has been the *ancient* and invariable doctrine of our courts, and conclusively settles the law of *Connecticut* on this subject. For this departure from the *English* common law, I am unable to assign the precise reason. I presume it must have been believed, that the *prima facie* evidence only allowed to a return, is a sufficient security to the rights of the people, and necessary to prevent the perpetration of irreparable wrong. These principles derive support from the infrequent questions arising on the falsity of returns, and the peculiar condition of the state. The service of process, both *mesne* and *final,* is committed to constables, as well as to sheriffs; and of the former it is well known, that some of them are irresponsible men, and that all of them exercise their official duties with-

Watson
*v.*
Watson.

out the collateral security of sureties.   These thoughts I have suggested, as comprising the reasons that probably induced the adoption, by our courts, of the above-mentioned rule ; but whether they are correct or not, is of little importance.   The rule has been settled, by long, frequent and familiar practice ; and is not now to be questioned.

The inquiry arises, what is the rule relative to returns on *final* process.   On a principle of entire analogy, the answer is, the same that it is, in returns on *mesne* process.   The sheriff, or other legal officer, in both cases, is entitled to the same regard ; he is equally, at all times, a sworn officer, of the same credit ; and the interests of private justice and public convenience, are precisely the same.   Here, as in *Westminster-Hall*, the returns on final and mesne process are subject to the same rule.   It follows necessarily, that the return of a legal officer, whether on mesne or final process, is *prima facie* evidence only, and liable to be disproved.

The affirmation in the return on the executions in question, that " the appraisers were mutually agreed on, by the creditor and debtor," was indispensable to confer on *Watson*, the creditor, any legal right to the demanded premises ; and if it is untrue, he had no title.   Now, the verdict of the jury implies, that the execution debtor refused to choose an appraiser ; that the creditor and debtor did not concur in the choice of them ; and that the creditor, without the concurrence of the debtor, made the appointment.   All this must have been known to the sheriff's deputy ; and his return on the executions, is manifestly untrue.   That there was a combination between the creditor and officer, in the defective service of the executions and in the returns made upon them, admits of no reasonable doubt.

It is almost superfluous to say, that by reason of the illegal acts specified, the plaintiffs have no title.

**The other Judges were of the same opinion.**

New trial not to be granted.