MITCHELL *against* KIRTLAND.

The acquisition of title by execution being a proceeding *in invitum,* the re-
    quisites of which are prescribed by positive law, in derogation of the com-
    mon law, a strict compliance with these requisites is indispensable to a trans-
    fer of title.

An appraiser of the land levied on, in such proceeding, between whom and
    one of the parties the relation of landlord and tenant subsists, is not *indif-
    ferent,* within the meaning of the statute.

And if the appraiser, in such case, be agreed on and appointed by the parties,
    with knowledge of his situation, it will make no difference ; for the agree-
    ment of the parties cannot alter the law.

THIS was an action of ejectment for several pieces of land
in *Saybrook* ; tried, on the general issue, at *Middletown, Febru-
ary* term, 1828, before *Daggett, J.*

The plaintiff was the owner in fee of the demanded premises
until the 6th of *July,* 1824, when the *President, Directors and
Company of the Eagle Bank* levied thereon an execution in
their favour against the plaintiff ; and the defendant, who had
the title of the *Eagle Bank,* entered under that levy and ousted
the plaintiff, as alleged in the declaration.   The levy was cor-
rect in point of form ; and but one objection was made to its
validity.   This was founded on the fact, that after each of the
parties had appointed one appraiser, the third appraiser, ap-
pointed by the agreement and concurrent act of both parties,
was the tenant of the debtor in the execution, the present plain-
tiff.   This relation existed at the time of the appointment, and
was then known to both the parties   The officer who levied
the execution certified in his return, that the appraisers were
all indifferent freeholders of the town of *Saybrook.*   The judge
instructed the jury, that the levy was void ; and directed them
to return a verdict for the plaintiff ; which they accordingly
did.   The defendant moved for a new trial, for a misdirection.

*Sherman* and *Ingham,* in support of the motion, contended,
1. That the appraiser in question was indifferent   The rela-
tion of landlord and tenant does not ordinarily create any more
bias on the mind, or induce any more partiality, than any other
intercourse in business.   Would the relation of principal and
agent, or of vendor and vendee, or of creditor and debtor, dis-
qualify an appraiser ?  To render an appraiser indifferent, there
must be either interest, or some relation of consanguinity or
affinity.

2. That if there was a disqualification, it was waived, by the agreement of the parties. And here it is conceded, that no agreement of parties will dispense with the express requirements of a statute ; but the statute is silent as to what shall constitute indifference. In *Jesup* v. *Batterson*, 5 *Day* 368. 372. a levy, otherwise bad, was held good, in consequence of an *agreement* among the creditors, that each should take in proportion to his claim. In *Lee* & al. v. *Hinman*, 6 *Conn. Rep.* 165. a similar levy was held good, on the same ground. Jurors, equally with appraisers of land, are required by law to be indifferent ; but if it appears, that the party knew of the disqualification, and made no objection, the court will not set aside the verdict. The record in that case stands right. So it does in this ; and you cannot go out of the record to take an exception contrary to your agreement or acquiescence. It is a frequent practice to take a verdict, by consent of parties, from eleven jurors ; the record is made up in the usual manner ; and it has never been supposed, that it could be afterwards impeached.

*Hungerford*, contra, insisted, 1. That the statute directing the proceedings in the levy of an execution, must be strictly complied with. *Metcalf* v. *Gillet*, 5 *Conn. Rep.* 400 *Hobart* v. *Frisbie*, 5 *Conn. Rep.* 592. *Mather* v. *Chapman*, 6 *Conn. Rep.* 54.

2. That the statute requires all the appraisers to be indifferent freeholders ; and a tenant is not indifferent, as between his landlord and a third person, within the meaning of the statute. *Stat.* 57. *tit.* 2. *s.* 76. *Tweedy* v. *Picket*, 1 *Day* 109. *Fox* v. *Hills*, 1 *Conn. Rep.* 295.

3. That the agreement of the parties in the appointment of an appraiser, cannot dispense with the requisites of the statute.

In the first place, the transfer of title is, by the statute, made to depend upon a compliance with all those requisites.

Secondly, the statute contemplates an appointment of one of three appraisers, by the mutual agreement of the parties, and, at the same time, expressly provides, that all three shall be indifferent.

Thirdly, the point has already been decided. *Chapman* v. *Griffin*, 1 *Root* 196. recognized in *Metcalf* v. *Gillet*, 5 *Conn. Rep.* 403.

Fourthly, if the requisites of the statute could be waived, by an agreement between the parties, the interest of third persons, as subsequent attaching creditors, might be affected.

Fifthly, the title of the debtor cannot be transferred to the *Middlesex,* creditor, in part by a parol agreement, and in part by a proceeding under the statute.  *Metcalf* v. *Gillet, 5 Conn. Rep.* 400. 403.

<em>Middlesex,</em><br>July, 1828.<br><br>Mitchell<br><em>v.</em><br>Kirtland.

PETERS, J.  The acquisition of title by execution, is a proceeding *in invitum.*  The requisites of its validity are prescribed by positive law.  It is in derogation of the common law, and *stricti juris.*  An omission, therefore, of a statute requisite, is fatal.  *Hobart* v. *Frisbie, 5 Conn. Rep.* 592  *Parker* v. *Rule's* lessee, 9 *Cranch* 64.  "It must not be forgotten," says the Chief Justice, in *Metcalf* v. *Gillet, 5 Conn. Rep.* 400. 403. "that the only way in which title can be acquired to land, by the levy of an execution, is by an observance of all the requisites of positive law."

The statute (*p.* 57.) provides, that real estate taken by execution, shall be appraised, by *indifferent* freeholders of the town where the lands lie ; and if not chosen and appointed by the parties, a justice of the peace of the same town, who by law may judge between them, shall appoint.  Is a tenant of one of the parties an *indifferent* freeholder ?  As a justice or juror, he could not judge between his landlord and another ; and it would be strange indeed, if a man could be an appraiser, who was not impartial enough to appoint one.

But, it is said, that the appraiser was agreed on and appointed by the parties, knowing his situation ; and *consensus tollit errorem.*

In *Chapman* v. *Griffin,* 1 *Root* 196. the plaintiff's title was by the levy of an execution.  All the appraisers were agreed upon, by the creditor and debtor.  But one of them did not belong to the town where the land lay.  But the court said : "The statute is express, that the land shall be appraised, by freeholders of the same town ; and the agreement of the parties cannot alter the law."  The authority of this case was recognized, by this Court, in *Metcalf* v. *Gillet, 5 Conn. Rep.* 400. 403.; and the Chief Justice, in expressing their opinion, said : "It was correctly adjudged ; and the determination was made on this invincible reason, that the statute is express." The same opinion was expressed, by Lord *Coke,* more than two centuries ago : "The agreement of the parties cannot make that good, which the law maketh void."  *Co. Litt.* 51. *b.*

The legislature, in directing that the appraisers should be in-

*Middlesex,* different, must have intended, that there should not be such a
July, 1828. relation between them and the parties, as could bias their minds,
Mitchell and induce them to act with partiality. As the degree of re-
*v.*
Kirtland. lationship is not designated, it is reasonable to adopt the rule
prescribed by statute, (*p.* 148.) as to the cases in which judges
are disqualified to judge between the parties. As this compre-
hends the relationship of the appraiser in question, I think the
execution not duly levied ; and that the decision at the circuit
was correct. Vid. *Fox* v. *Hills,* 1 *Conn. Rep.* 295.

LANMAN and DAGGETT, Js., were of the same opinion.

HOSMER, Ch. J., being related to one of the parties in inter-
est, gave no opinion.

BRAINARD, J. was absent.

New trial not to be granted.