## GEORGE CLEVELAND *vs*. REUBEN ALLEN.

An officer's return of the levy of an execution on real estate is valid, if it is made according to the form given in the late *Judge Chipman's Reports.*

But, if the return departs from the generality of expression, there used, and begins with more minute particulars, it must contain all the particulars made necessary by statute.

A defective description of some lots in the levy, does not vitiate the levy with regard to such lots as are fully described; although the appraisal is only mentioned in the gross sum, at which all the lots are appraised, unless the question is raised upon some motion to set aside the levy, and leave the execution unsatisfied.

This was an action of *ejectment* for lands in Salisbury, in the county of Addison. It was tried by jury in the county court, and brought up to this Court upon exceptions to decisions of the court upon the trial. The plaintiff made a good *prima facie* title to the premises by the levy of an execution upon the same, as the property of the Glass Factory Company. The papers showing this levy appeared regular, and were read to the jury without objection. The defendant then set up in his defence a prior levy of an execution upon the same property, as belonging to the same Glass Factory Company. To this levy several objections were raised. One was, that many lots of land were contained in the levy, yet the value of each lot was not named, but only the gross sum at which all the lots were appraised ; and yet many of the lots were so defectively described, that there could be no pretence of holding them under the levy. Another objection was, that the officer made no demand of the debt before levy : nor did he call upon the debtor and give him notice to appoint appraisers. Also, that a justice of the peace appointed six appraisers, instead of three. This appeared by the certificate of the justice. He appointed three in each of the two towns, in which two separate levies were to be made. These exceptions were now argued before this Court.

*Doolittle and Bates, for the plaintiff,* cited *Payne vs. Webster et al.* 1 *Vt. Rep.* 101 ; *Metcalf vs. Gillet,* 5 *Conn. Rep.* 403 ; *Eels vs. Day,* 4 do. 95 ; *Bott vs. Burnell,* 11 *Mass. Rep.* 165 ; *Dutton vs. Tracy,* 4 *Conn. Rep.* 365 ; *Stanton vs. Bannister,* 2 *Vt. Rep.* 464.

*Seymour, for the defendant,* cited *N. Chip. Rep.* 264 —5 ; *Hathaway vs. Phelps,* 2 *Aik. Rep.* 84 ; 1 *Vt. Rep.* 101, 336.

*The opinion of the Court was pronounced by,*

HUTCHINSON, C. J.—All the questions, agitated in this cause, regard the levy under which the defendant claims : for the plaintiff's title is admitted to be good, unless removed by this prior levy, set up by the defendant. To this the plaintiff objects, that the appraisers were appointed by a justice of the peace, and his certificate shows that he appointed six instead of three. If the officer's return let this certificate of the justice remain an essential part of the proceedings, to make his return entire, it would form an objection of weight ; because, while three only can appraise, it would be uncertain which three of the six were appointed to appraise the property taken on the execution. But the fact turns out to be, that the officer was making two levies, one on lands in Salisbury, and the other on lands in Leicester, a town adjoining; and three of these men, appointed by the justice, lived in Salisbury, and the other three in Leicester. And this certificate of the justice need not accompany the return at all, provided the return itself contains sufficient allegations, to show who are the appraisers, and that they were properly appointed ; and the officer's return, in this case, contains all the officer would have said, had there been no certificate of the appointment signed by the justice. The officer has named the three persons, who appraised this estate, and says they were chosen, appointed and sworn, as the law directs ; using the words of the form published by *Judge Chipman.* The levies made according to this form have been established by repeated judicial decisions. That form emanated from so high authority, and such extensive real estates were holden under it, before there was any suspicion of its possible incorrectness, and these estates generally taken instead of money, rather through a necessity imposed upon the several creditors, courts have uniformly felt constrained to support such levies as adopted this form.

This form has been followed in the present case, so far as to cure this objection with regard to the appointment of appraisers, or showing how the same were appointed ; as also with regard to the semblance of defect in stating a demand upon the debtor of payment of the execution before the levy. If the officer adopts the generality of expression, prescribed in this form, it is good ; for it comprehends every thing that is deemed essential, in general terms ; but it wants that particularity which would be required in a new case arising without any such foundation in forms or in practice. But when an officer begins with particularities, he

ADDISON,
*January,*
1832.

Cleaveland
*vs.*
Allen.

must take care to put into his return enough of them to render his levy a compliance with the statute.

Another objection is raised to the want of a sufficient description of the estate levied upon, and a showing the sum at which each lot was appraised. It appears, that the lot in question was well described ; and many lots seem to have no description by which they could ever be found. And the appraisal is only mentioned once, and that as being the whole amount of all the lots. This objection would have great weight, if it were raised in any form, by either party to the levy, so as to set aside the levy and leave the executions unsatisfied. But, while the creditor holds on upon his levy, and is willing to hold what is well described, and lose the remainder, it would seem unjust to admit the debtor, or any one claiming under him, to avoid the levy wholly, because some of the lots are not well described. The debtor has no rights that can be injuriously affected by this naming the sum in gross. He might wish to profit by redeeming some lots, that might be appraised low, and let the others go unredeemed : but this can never be admitted. He must redeem the whole or none, and can suffer no injury from the want of knowing the appraisal of each lot. The case of *Payne* vs. *Webster et al.* cited by the defendant's counsel, is in point. That was a similar case, in this respect, and the point was expressly raised, and fully decided.

The judgement of the county court is affirmed.