### ARABELLA BISSELL *vs.* JOHN NOONEY.

Certain land was attached at half past ten in the forenoon. At twenty-six minutes past four in the afternoon of the same day a deed of the land was left at the town clerk's office for record. Held, that though a reasonable time is to be allowed for procuring a deed to be recorded, yet in the absence of all farther evidence as to the time when the deed was executed, it would not be presumed that it was executed before the attachment, and that the attachment must take priority.

The return of an officer on an execution levied on land contained no other statement that he had "set out the land to the creditor" than the following :—"I the same day levied this execution on all the right, title and interest the said *D*, the within named debtor, had in a certain piece of land," (describing it and stating the appointment of appraisers and their appraisal of the debtor's interest at $450, and proceeding as follows:) "and this execution, costs and charges· amounting to the sum of $973.53, I then endorsed thereon $435.37, it being the balance remaining after deducting $14.63 costs and fees, leaving due $538.-14; and on the 27th day of June, 1842, I caused this execution and the endorsement of my doings thereon to be recorded, &c." Held, that the statute requiring the officer to "set out" the land to the creditor on the execution was sufficiently complied with and that the levy was valid.

---

* By an act of the General Assembly, passed at its May session, 1866, the state was divided into four judicial districts, for the sessions of the Supreme Court,—the first district consisting of the counties of Hartford and Tolland, the second of the counties of New Haven and Middlesex, the third of the counties of New London and Windham, and the fourth of the counties of Fairfield and Litchfield ; the place for holding the court in each district to be designated by the Chief Justice.

EJECTMENT, brought to the superior court for Hartford county. The following facts were found by the court.

The land in question was owned, on and before the 10th of February, 1842, by Andrew Denison. At half past ten o'clock in the forenoon of that day it was attached by Harvey Bissell, a creditor of Denison, who subsequently obtained judgment in his suit and levied the execution issued thereon upon the land, and afterwards devised the same to the plaintiff.

On the same 10th day of February Denison conveyed by release deed all his interest in the premises to Susan Denison, of whom the defendant is an heir. The deed was left at the office of the town clerk for record at twenty-six minutes after four o'clock in the afternoon, as was found by the entry of the town clerk upon it, but there was no other evidence to show at what time in the day it was executed.

The return of the officer upon the execution levied upon the land was as follows :—

" By virtue hereof, on the 25th day of June, 1842, I made demand of the within named Andrew Denison of the debt due on this execution and of my fees hereon, which he neglected to pay, and afterwards I made diligent search for goods, chattels and estate of the said debtor whereon to levy to satisfy this execution, but could find none within my precincts. For want thereof and by direction of the creditor I the same day levied this execution on all the right, title and interest the said Andrew Denison, the within named debtor, had in a certain piece of land situated in said town of Suffield, bounded as follows, (describing it)—containing thirty-nine acres, more or less, with the buildings thereon standing, the property of the within named debtor; the property having been bequeathed by the late Andrew Denison, to Andrew Denison, the within named debtor, and Andrew Nooney in equal shares, subject to the life estate of Susan Denison; and thereupon the said creditor and the said Andrew, debtor, did agree upon and appoint Reuben Loomis, John P. Ingraham and Albert Kent, all disinterested freeholders in said town of Suffield, to appraise and estimate all the right, title and interest of the said Andrew Denison, debtor, in said land, and thereupon

Artemus King, justice of the peace of said town of Suffield, administered the oath by law provided for the appraisers of land on execution, and having viewed said land said appraisers did then and there appraise and estimate the right, share and interest of the said debtor, being the undivided one half part of the above bequest under the incumbrance of the life estate of said Susan Denison, at the sum of $450 as the just and true value thereof, and did certify the same under their hands in writing, which certificate they delivered to me and the same is annexed to this return; and this execution, cost and charges amounting to the sum of $973.53, after deducting $3,799.89 as per receipt on the back of this execution appears, I then endorsed $435.37, it being the balance remaining after deducting $14.63 costs and fees, leaving due $538.-14; and on the 27th day of June, 1842, I caused this execution and the endorsement of my said doings thereon to be recorded in the records of lands of the town of Suffield, within which the said land lies.

Attest,    CHAUNCEY ROSE, *Constable.*"

Upon these facts the case was reserved by the superior court for the advice of this court.

*Chamberlin* and *E. Hall*, for the plaintiff.

1. It appearing upon the record that the attachment was made prior to the recording of the deed, the burden is upon the party claiming under the deed to show that the deed was actually executed prior to the attachment and recorded within a reasonable time, or that the attaching creditor had actual notice. This not having been done the title of the attaching creditor is good. *Beers* v. *Hawley*, 2 Conn., 467; *Pomroy* v. *Stevens*, 11 Met., 244; *Spofford* v. *Weston*, 29 Maine, 140; *Kennedy* v. *Palmer*, 6 Gray, 316; 1 Swift Dig., 227.

2. The estate was duly levied upon and set off. The doctrine is well settled in this state, that if it appears by reasonable construction or necessary inference from the whole return of the officer that every thing required by statute to consti-

tute a valid levy has been done, it is sufficient to pass the title. *Booth* v. *Booth*, 7 Conn., 350 ; *Brace* v. *Catlin*, id., 361, note ; *Adam* v. *Litchfield*, 10 id., 127, 131 ; *Backus* v. *Danforth*, id., 297 ; *Johnson* v. *Huntington*, 13 id., 50 ; *Finch* v. *Bishop*, id., 576 ; *Huntress* v. *Tiney*, 39 Maine, 237. The court has also held that certainty to a common intent in the return is sufficient, and that courts will look at it with the eyes of common sense and apply to it the same rules of construction which are applicable to other written instruments. *Peck* v. *Wallace*, 9 Conn., 453 ; *Brace* v. *Catlin*, supra. Technical precision is not required in the return of the officer, and the legal presumption is that he has done his duty, until the contrary appears. *Brace* v. *Catlin*, supra ; *Booth* v. *Booth*, supra ; *Whittlesey* v. *Starr*, 8 Conn., 134. "The land is to be set out in fact to the creditor, that is, it is to be located and identified." Hosmer C. J. in *Booth* v. *Booth*, 7 Conn., 375. Here all the required facts are fully stated in the return. The requirements of the statute being complied with, the law sets out the title. "The facts must appear from the return and then the title results as a legal consequence." Id. It is not necessary that the officer should state that which is only a legal result from his acts ; but if the return be fatally defective without the words *set out*, the rules of law as settled would justify the insertion of such words or a construction having the same effect. *Booth* v. *Wallace*, 2 Root, 247 ; *Couch* v. *Gorham*, 1 Conn., 36 ; *Bigelow* v. *Benedict*, 6 id., 116, 121 ; *Brace* v. *Catlin*, 7 id., 358 ; *Johnson* v. *Huntington*, 13 id., 47, 51 ; *Huntress* v. *Tiney*, 39 Maine, 237. A levy upon all the right, title and interest of the defendant in certain lands, is equivalent to a levy upon the land itself. *Brown* v. *Smith*, 7 B. Monr., 361 ; *Booth* v. *Booth*, 7 Conn., 350, 366.

*McFarland*, for the defendant.

1. A deed recorded within a reasonable time takes effect as a valid deed from the date of its execution, and a deed recorded on the day of its delivery is recorded within a reasonable time, and will take effect from the time of its execution. 1 Swift Dig., 125 ; 4 Kent Com., 457. Now where two in-

struments are executed on the same day, there can be no presumption that one was executed prior to the other, unless there are some peculiar circumstances giving rise to such a presumption.     There is nothing in this case to give rise to any presumption that the attachment of this land was made before the execution of the deed.   Taylor's Ev., 143 ; *Atkyns* v. *Horde*, 1 Burr., 106.   The burden of proof being upon the plaintiff, in order to recover he must show affirmatively that the attachment was made before the execution of the deed ; but this he does not show.

2. The levy of the execution was void.  The statute provides that the officer, having had the land legally appraised, " shall thereupon set out to the creditor by metes and bounds so much of the land as may be sufficient at the appraisal to pay the debt on the execution and the lawful charges."   To " set out" means here to assign, to allot, to mark by boundaries or distinctions of space.   *Booth* v. *Booth*, 7 Conn., 375.   The land must be set out, and set out by metes and bounds, otherwise the statute is not complied with, the title is not transferred, and the levy is void.    In this case the officer merely says in his return that the appraisers appraised the interest of the debtor in the land, subject to the life estate of Susan Denison, at $450, that from this amount he deducted his fees and expenses, amounting to $14.63, and endorsed the balance on the execution, which with his doings thereon he caused to be recorded.    The land is not appraised as a whole.   No proportion of it is set out to the creditor, and the return of the officer does not purport to transfer to the creditor any portion of the land or any interest in it.    Such a return has no more operation to transfer the legal title to land than a mere endorsement of the amount of the appraisal by the creditor upon a note or other obligation of the debtor that he might hold would have.    A reference to the decisions of this court will show that in order to transfer the title to real estate by the levy of an execution the statute must be followed with rigid exactness.     Thus, in *Hobart* v. *Frisbie*, 5 Conn., 595, the court say: "The acquisition of real estate by execution is derived from statute ; it is in derogation of the common law,

Bissell v. Nooney.

and is *stricti juris*; the rigid rules of the *summum jus* ought to be enforced, and an omission of any statute requisite considered fatal to the claimant." In *Metcalf* v. *Gillett*, 5 Conn., 400, the officer stated in his return that the appraisers did on their oaths appraise the premises at $48 per acre, as the then present true and just value thereof to the creditor in the execution, but he omitted to state that the appraisal was in writing, under their hands, and this omission was held fatal. In *Mather* v. *Chapman*, 6 Conn., 54, an omission of the officer to state in his return that the justice of the peace by whom the appraisers were appointed was of the town in which the estate levied upon lay, was held fatal. The rigor with which the rule requiring an exact compliance with the statute is enforced cannot, perhaps, be better illustrated than by the case of *Booth* v. *Booth*, 7 Conn., 350. The case was decided by a divided court, Hosmer C. J. and Peters J. dissenting. The opinions delivered by Daggett J. on behalf of the majority, and by the Chief Justice on behalf of the minority, are very vigorous and earnest, and bear evidence that the case was warmly discussed by the court. One of the points aptly illustrates the hopelessness of attempting to sustain this levy. It was this: The officer said in his return, " I do therefore by virtue of this execution, hereby set off to the creditor named in this execution all the right and title that the said Thompson has in and to said piece of land.". It was said that setting off the " right and title" was not setting off the land. Now the majority of the court say, not that it is not necessary that the officer should set off the land at all, but that " the land was levied upon and the right and title of the defendant was appraised, and that was set off. This is a statute conveyance of the land." The minority held that even this was not sufficient. The Chief Justice says, " The officer never sets out the title ; it is the law that conveys it. It is the land that is to be set out, and that is made the object to which the expression refers. The land is to be set out in fact to the creditor ; that is, it is to be located and identified." In the case at bar nothing is set out or pre-

tended to be set out to the creditor.    See also *Fitch* v. *Smith*, 9 Conn., 42.

PARK, J.    Two questions are made in this case.    One grows out of the attachment of the land in question, and the other arises on the levy of the execution upon the land.    We will consider them in their order.

The land in question was attached on the tenth day of February, 1842, at half past ten o'clock in the forenoon of that day, in a suit in favor of one Harvey Bissell against one Andrew Denison, who was then the owner of an undivided moiety of the land subject to a life estate in one Susan Denison.    On the same day Andrew Denison conveyed by deed all his right, title and interest in the land to Susan Denison, but at what hour of the day the deed was executed does not appear, further than that the deed was left for record at the office of the town clerk of the town wherein the land was situated at twenty-six minutes past four o'clock in the afternoon of that day.    From these facts we are required to determine which of the two had priority.

Very little can be said upon this question.    If the deed was executed at any hour on that day no doubt it was left with the town clerk within a reasonable time after its execution ; but what evidence is there beyond the merest conjecture that it was executed previous to half past ten o'clock in the forenoon of that day?    It is said that it is unusual for a person receiving a deed to send it immediately to the office, of the town clerk, but this we apprehend depends altogether upon circumstances.    The attachment is prior to the deed upon the records of the town.    It is prior in regard to the first knowledge we have of each, and we think should be regarded as prior in fact, in the absence of all evidence to the contrary.

The remaining question is in relation to the levy of the execution.    The defendant claims that the levy was void, because it does not appear from the return of the officer who served the execution, that he described the land by metes and bounds, and set out to the creditor an undivided moiety of the

same, subject to the life estate of Susan Denison, in part satisfaction of the execution.

We fully agree with the counsel for the defendant, that the levy was void unless the return of the officer shows that this was done. The question then in this part of the case is one of construction of the officer's return. It is not necessary that the officer should use technical precision in describing the acts performed by him; it will be sufficient if it appears by a reasonable construction of the whole return, or by necessary inference from the facts stated therein, that every thing required by the statute to constitute a valid levy has been performed. *Booth* v. *Booth,* 7 Conn., 350; *Brace* v. *Catlin,* id., 361, note; *Whittlesey* v. *Starr,* 8 id., 134; *Peck* v. *Wallace,* 9 id., 453; *Adam* v. *Litchfield,* 10 id., 127; *Backus* v. *Danforth,* id., 297; *Johnson* v. *Huntington,* 13 id., 50; *Finch* v. *Bishop,* id., 576. The land must be set out to the creditor; that is; it must be located, identified, described by metes and bounds, and its appraised value applied in full or partial payment of the execution, as the case may be. *Booth* v. *Booth,* supra. In this case the return shows fully and clearly that this was in fact done. The land is particularly described by metes and bounds, and the debtor's interest therein is correctly and fully stated, and its appraised value was applied in partial payment of the execution.

What more could the officer have done to set out to the creditor the undivided moiety of the land owned by the debtor subject to the life estate? It is true he does not state in his return in so many words that he did this; but he states fully what he did, and the acts he performed show that he did in fact set out to the creditor the undivided moiety subject to the life estate. An officer must state the acts that he performed, for it is the thing done that is important. It would not be sufficient for an officer to state in his return, " I set out the land by metes and bounds to the creditor, &c.," and stop there; but he must narrate the acts performed, so that the law can be satisfied whether this was done.

Whether in a given case the land has been set out is a question of law, not depending upon the statement of the

officer that this was done, but upon the acts performed by him in levying the execution.

We are satisfied that the execution was duly levied, and therefore advise the superior court to render judgment for the plaintiff.

In this opinion the other judges concurred.