RANDALL B. WILCOX vs. EZEKIEL EMERSON.

Where the land of one person is transferred to another under an execution, it must appear from the officer's return that he has proceeded according to the statute, and if it does not so appear, the defect cannot be supplied by evidence *aliunde*.

TRESPASS and ejectment to obtain possession of a lot of land with the improvements thereon, situated in the village of Pawtucket, bought by the plaintiff at a constable's sale upon an execution against the defendant issuing from a justice court at the suit of one David G. Allen. A jury trial having been waived, the case was submitted to the court both in fact and law. The plaintiff offered in support of his title the execution in said suit

of *Allen* v. *Emerson*, with the officer's return thereon. The return was as follows : —

"PROVIDENCE SC. North Providence, *May 7th*, 1863.

" I have this day at twelve o'clock noon levied the within execution on all the right, title, and interest of the within named defendant in and to the following described real estate [describing it], and have left a copy of the within execution, with my doings thereon, with the town clerk of North Providence. I have also set up notifications of said levy on said real estate in three public places in said town of North Providence, to wit, one at the town clerk's office in said town of North Providence, one at Dispeau and Childs, and one at the Railroad Depot, and that the same will be sold at public auction to be held at the town clerk's office in the village of Pawtucket, North Providence, on the 10th day of August, 1863, at ten o'clock in the forenoon.

(Signed) " ANSEL CARPENTER, *Constable.*"

" In pursuance to advertisement I have this tenth day of August, 1863, sold the above property to Randall B. Wilcox, who was the highest bidder, for the sum of twenty-four $\frac{36}{100}$ dollars, which I have applied to the satisfaction of the said execution, and hereby return this execution satisfied for debt and costs.

(Signed) " ANSEL CARPENTER, *Constable.*"

The defendant objecting that the officer's return was defective, inasmuch as it did not appear from it that the estate had been advertised for sale, as required by the provision in Rev. Stat. chap. 195, § 11, that the officer charged with the service of an execution if he levy it on real estate shall notify the same " by causing an advertisement thereof to be published, once a week, for the space of three weeks next before the time of such sale, in some newspaper in the county where said estate lies," the case was now heard on the question of the sufficiency of the officer's return, and of the right to introduce evidence to show that the sale had been duly advertised, notwithstanding it did not so appear in the officer's return.

*T. C. Greene & P. E. Tillinghast*, for the plaintiff.

*Payne*, for the defendant.

DURFEE, J. This is an action of trespass and ejectment,

which is heard by the court on law and fact, the jury trial being waived. The plaintiff claims the land in suit, as a purchaser at an execution sale, and produces in evidence, in support of his title (besides other testimony), the execution with the officer's return thereon. The return, however, does not show an advertisement of the sale published for three weeks previous to the sale, as required by Rev. St. ch. 195, § 11; and the plaintiff offers to prove a compliance with the statute by evidence *aliunde*, though he claims that the return is sufficient as it stands.

In Maine, *Monroe* v. *Reding*, 15 Maine, 153; *Jackson* v. *Woodman*, 29 Maine, 266; New Hampshire, *Mead* v. *Harvey*, 2 N. H. 495; *Libbey* v. *Copp*, 3 Ibid. 45; *Avery* v. *Bowman*, 39 Ibid. 392; Vermont, *Cleveland* v. *Allen*, 4 Vt. 176; *Sleeper* v. *Newbury Seminary*, 19 Vt. 451; Massachusetts, *Williams* v. *Amory*, 14 Mass. 20; *Litchfield* v. *Cudworth*, 15 Pick. 23, 28; and Connecticut, *Metcalf* v. *Gillet*, 5 Conn. 400; *Bissell* v. *Mooney*, 33 Conn. 411, it is held that where the land of one person is transferred to another under an execution, it must appear by the officer's return, either expressly or by necessary inference, that he has proceeded according to the statute, and that, if it does not so appear, the defect cannot be supplied by evidence *aliunde*. In the unreported case of *Hazard* v. *Clegg*, decided by this court a few years ago at Newport, the rule declared in these cases was recognized as the law of this state. Several cases, however, have been cited for the plaintiff, in which it has been held that it is not necessary for the purchaser at an execution sale, in support of his title, to do more than prove the judgment and levy, and produce the sheriff's deed, — the order of proceeding prescribed by the statute being considered as simply directory to the officer. In this view, the title of the purchaser is not affected even by the entire omission of the officer to make any return. We are not prepared to adopt this view. We think the power of the officer to transfer the estate, being derived from the statute, can be validly executed only in the manner prescribed by the statute; and that if the officer omit to set up the notifications and publish the advertisement as required, his deed (unless it can be and is aided by a false return) will be ineffectual to pass the title. The officer's compliance with the statute must also be proved by the person claiming under his deed; it will not be presumed. Can this

proof be made otherwise than by the return? The service of the execution is an official act, and the return is the official record of that act required to be made by the officer as a part of his duty. Then, is not such record the proper, and the only proper evidence that, in the service of the execution, the statute has been duly observed? Injustice, doubtless, may arise, if a defective return can in no case be aided by testimony *aliunde;* as injustice may sometimes, doubtless, arise from the rule that the acknowledgment of the deed of a married woman can only be proved by the magistrate's certificate; but on the other hand, it is to be remembered that if testimony *aliunde* were to be admitted, its admissibility would have a tendency to introduce the uncertainties and provocations to litigation which are the natural results of making the titles of real estate dependent upon parol testimony. We are of the opinion that the rule of the New England States, recognized by this court in *Hazard* v. *Clegg,* is upon the whole the more consonant with legal principle; and we therefore decide that the return as it stands is defective, and that the defect cannot be supplied by testimony *aliunde.*          *Judgment accordingly.*

POTTER, J., dissenting. In this case the plaintiff sues in ejectment. He claims title by a constable's deed, on execution issued in a suit where the present defendant was defendant and one Allen was plaintiff. He produces a judgment and execution, a levy and a deed. But the return on the execution does not state that he had advertised the property as the law requires. At a former hearing, the court decided that this return was insufficient. The question now is whether this defect, if it be a defect, can be supplied by parol evidence. The strongest case to which we have been referred by counsel is *Wellington* v. *Johnson,* 13 Mass. 483, 488. That was a suit by a purchaser at sheriff's sale. The officer was dead. It did not appear that he had given proper notice. It was held it could not be shown by parol. The statement of the case is enough to show the hardship of such a rule, if it be a rule. Yet there are many cases where parol evidence has been admitted to supplement or contradict a return, and it seems to me that the same principle governs both cases. It is a question of the weight to be attached to an officer's return. It is either the only evidence, or it is not.

In *Tilden* v. *Johnson,* 6 Cush. 354, the return of the officer

stated positively that the defendant had no last place of abode in the state. That was a fact it was the duty of the officer to ascertain, and was necessary to a valid service of his writ. The defendant was allowed to contradict it.

In *Metcalf* v. *Gillet*, 5 Conn. 400, an opinion was expressed that an officer's return could not be extended or diminished by parol; but in *Watson* v. *Watson*, 6 Conn. 334, 337, this is said to be *obiter dictum*, and is practically overruled.

In *Beals* v. *Guernsey*, 8 Johns. 41, the court say the statute requiring the sheriff to indorse on the execution the time of receiving it is merely directory, and the omission will not shut out parol proof. And in such a case it might be all important as showing the priority. While the majority of the court are of the opinion that parol evidence cannot be admitted, I do not feel that I can decide that question independently of the other question which was made and argued at the hearing at court by one of the parties, *i. e.* the effect and conclusiveness of the officer's return. I think an examination of the authorities shows that these questions are intimately connected, and that in most cases the decisions have been influenced by the peculiarities of statute law. If parol evidence is not allowed, the only alternative would be for the officer to apply for leave to amend. This would be a matter of sound discretion in the court. Generally it would not be allowed, unless the officer could produce some memorandum or some evidence to amend by. Here at present is a disputed fact. The parties are entitled to a jury trial. Now if the court hold that the return must show all the facts, and then hear the evidence and allow the officer to amend, and then hold the return conclusive, the party is deprived of a jury trial upon a matter of fact, or it is reduced to a mere farce. On the other hand, if the officer's return is to be held *primâ facie* evidence only, and allowed to be contradicted, there could be no sound reason why an officer should not be allowed to amend, so that his return should state all the facts necessary to constitute a good title. Many cases go on the ground that the return is of no importance to the title; that it is enough for the purchaser to show a judgment, a levy, and a deed.

In *Wheaton* v. *Sexton's Lessee*, 4 Wheat. 503, 506, the U. S. Supreme Court say it is enough to show a judgment, a levy, and

a deed, and that if the officer makes no return at all, it is immaterial to the purchaser. This was a case from the District of Columbia, and this assertion was entirely unnecessary to the decision of the case. But it is quoted, and seems to be approved, in *Voorhis* v. *U. S. Bank*, 10 Pet. 449, 477. But if a return is required, what weight is to be attached to it ? Is it the sole evidence, or not ? In order to judge of the weight of authority it is necessary to distingush the cases, and to see whether they relate to returns upon a writ, or upon an execution; whether in the same or another suit; whether after the sale the plaintiff or a third party is purchaser; and whether it is against the defendant or a third party. The general doctrine, that an officer's return is evidence against him ; that it is *primâ facie* evidence for him ; and that, as to third parties, it is only *primâ facie ;* may be considered as settled, although there is some conflict as to who are to stand in the light of third parties. In regard to the conclusiveness of it, as between the parties themselves, there is more confusion. In regard to writs, there may be a sound reason founded on policy for holding, as a general rule, that the return is conclusive, because the return is there necessary to give jurisdiction to the court over the person or property. It seems manifestly unjust that a defendant's property should be taken from him on execution without the advertisement which the law requires. And in *Moncure* v. *Zunts*, 11 Wal. 416, in a case from Louisiana, a marshal's sale was held void for want of complying with the state law as to advertisement.

In *Jackson, &c.* v. *Walker*, 4 Wend. 462, Chief Justice Savage, in a suit in ejectment to recover land sold by a sheriff, says there is no authority requiring the return to describe the land ; that it may be identified by parol; and that it would be enough if it was described in the advertisement, but that even if not described there it would not affect the sale. But on looking at the statute of New York we see the reason for this decision. By act of March 31, 1801, continued in force to the present time, there is a heavy penalty on the sheriff if he does not advertise, but with this express proviso : " Provided, however, that no such offence shall be deemed to affect the validity of any such sale." Laws of N. Y. 1802, vol. 2, 800 ; vol. i. 388 ; Edmond's ed. of Laws of N. Y. R. S. 2, 383, *269.

In *Whitaker* v. *Sumner*, 7 Pick. 551, suit against sheriff for false return. Contest between two attaching creditors. Sold on levy by the first one. Place of sale not advertised, but officer returned that he had advertised the time, place, &c. The court proceed on the ground that nevertheless that sale was valid; that the plaintiff claiming under the debtor could not contest it; and hold that, as by the officer's false return the second attaching creditor had lost his right to sell on his execution, the officer was liable.

In *United States* v. *Slade*, 2 Mason, 71, 75, in a case from Massachusetts, Judge Story held that on a statute extent, all the facts necessary to make a title must appear from the return on record, and that parol evidence could not be admitted to show that one of the appraisers had concurred in the appraisal.

In *Boody* v. *York*, 8 Greenl. 272, it was held that parol evidence could not be admitted to uphold a title on a levy where the return was defective. All the material facts must appear from the return. Now, on looking at the statutes in these states, we find that there are reasons peculiar to those states for attributing a greater weight to an officer's return of his levy on an execution. By the Massachusetts Laws, 1836, 463, it is provided that the defendant's land is to be set off by the sheriff and three appraisers (one to be appointed by the defendant). This execution is to be returned into the clerk's office and registry of deeds. And the law specifies all the particulars to be stated in the return. And the debtor may redeem any time within a year. And the court have power, on notice to the parties, to set aside a levy and order a new one after the execution is returned and recorded. In Vermont the law is similar. The execution is extended on the land, and the land set off by appraisers with a right of redemption in six months, and the extent is recorded (Williams's Compiled Stat. of Vt. 1850, page 312), and the court have a similar power to set aside a levy. And there is this further provision (p. 316), that where the extent is irregular, or "not made according to the strict rules of law, so that the title derived therefrom shall be doubtful," the court any time within two years may vacate the extent and order a new one. And as against the debtor, his heirs and assigns, it is expressly provided (p. 313) that the extent and return shall make a valid title to the creditor. In

Massachusetts the extent, if not recorded in three months, is to be void as to subsequent attachments, &c., without notice. In Maine (Revised Statutes, 1840, pp. 383–5), the provisions for extent, appraisement, return, and recording are similar to those of Massachusetts, with this further provision, that if the extent be not recorded in three months, it shall nevertheless be valid against any attachment, deed, &c., made after such recording. In these states there is no sale as with us, but the extent is treated as having the effect of a deed made by the party himself. And there is a time allowed for redemption, by which the rights of the defendant are secured.

In the Western States it has been the policy of the law to sustain sheriff's sales. The value of land changes suddenly. What one day is mere pasture, is the next day the site of a city. *Voorhees* v. *Bank of the United States*, 10 Pet. 476. In Iowa (Laws 1860, page 606, § 3312) there is a penalty if the officer sells without the proper notice, " but the validity of the sale is not thereby affected." In Kentucky (Stanton's Revised Laws) the sale is to be at the court-house door, on the first day of the court, and if it does not bring two thirds of its appraised value, it is redeemable in a year. The laws of Missouri require sales to be made at the court-house door during the sitting of the court. Some publicity is thus effected. In *Voorhees* v. *Bank of the United States*, 10 Pet. 449, a sale of land had been made on execution in Ohio, and the proceedings had been returned to and confirmed by the court. Although there were many admitted defects, the sale was held good. In Louisiana the laws provide that a monition (a sort of bill of peace) may issue on suit by a purchaser to confirm his title. *Moncure* v. *Zunts*, 11 Wal. 416.

It may be prudent to require all proceedings to be stated in the officer's return for security of titles, but to make it conclusive seems attributing too great a sanctity to it. If, as is the case in some chancery proceedings, and in some of the Western States in suits at law, the returns are made into court, and after notice confirmed, they would stand on an entirely different ground. And in some of the states there is a mode provided for vacating such proceedings, and the publicity of the sale required in some states is a great security against the careless sacrifice of a

debtor's property. And in others the right of redemption is some security against a defective notice.

To hold that an officer's return of sale of an estate is to be conclusive upon a defendant, that the officer may sell a valuable estate for a trifle, and the defendant be left to his remedy on a $300 constable's bond, seems so monstrous that if any such decision has been made (except on peculiar statutes or local law), we must suppose it to have been made without due consideration. He may ignorantly or carelessly, and without fraud, sacrifice a defendant's property. And on the other hand, after an honest sale, his return may be defective. And in this state especially, where real estate may be sold on a justice's execution, and by a constable not very learned in the law, the argument is still stronger.

In the old English law, many authorities lay it down that while in another action the return may be contradicted, in the same action there shall be no averment against it except in favor of life. Watson on Sheriff, *72 ; Viner's Abr. Return, O, 15, 22, 25, 26, 47. And Comyn, the highest of authorities, lays it down, that while generally no averment shall be admitted against an officer's return, yet " where life or *inheritance* is in jeopardy, an averment shall be allowed against the return." Vol. 6, Return, G.

Many of these decisions were made under the old law, which excluded from testifying every witness who had the least possible interest. In such a state of the law it may have been necessary to the security of titles to attach more weight to an officer's return. And some of them were made in countries and states where the office of sheriff was of great dignity and importance, and where a constable could not levy on and sell real estate. And in judging of the English decisions as to returns on executions, we must recollect that real estate was never sold under them ; but that on *elegit* or extent real estate was appraised and set off to the plaintiff until he was paid out of the profits.

In the Supreme Court of Errors, *Butts* v. *Francis*, 4 Conn. 426, A. D. 1822, an officer's return that he had served a writ by leaving a true and attested copy, &c. ; on plea in abatement in the same action, it was held that the return was only *primâ facie* evidence, and might be contested. In the same court, *Watson*

v. *Watson*, 6 Conn. 334, A. D. 1827, a return on execution was held only *primâ facie* evidence in an action of ejectment for the property. The plaintiff cited Comyn, Return, G; *Rex* v. *Elkins*, 4 Burr. 2127; *Barr* v. *Satchwell*, 2 Stra. 813; 2 Tidd Pr. 934, &c., &c. The court say that this has been the invariable doctrine in Connecticut, and among other probable reasons for it mention the irresponsibility and power of the officers. They also over-rule (337) a remark to the contrary in *Metcalf* v. *Gillet*, 5 Conn. 404, as *obiter dictum*.

In Rhode Island we have no statute expressly requiring a return on an execution. A direction to that effect is indeed contained in the execution, but no particulars are specified, as is required in Massachusetts, Vermont, Maine, &c., and we have no statute like that of New York. As to an administrator's sale, (which would be void for defect in advertising, *Wellman* v. *Lawrence*, 15 Mass. 326), we have a statute providing a mode of preserving evidence of the notice, but not exclusive.

We have no decision reported as to the conclusiveness of a return. Our Supreme Court did indeed, in a case in Washington County many years ago, hold that an officer's return, that a person was not to be found in the state, was conclusive. But the legislature very soon provided against a recurrence of a similar case by enacting that such a return should be held only *primâ facie*.

If it be said that the legislature did not go beyond that particular case, it may be replied that that was all they considered necessary. In many cases indeed it has been assumed that the return must show all necessary facts; but this may have been where no other evidence but the return was offered.

In our sister State of Connecticut, where even on mesne process the return has always been only *primâ facie* evidence, no inconvenience or insecurity of title has ever resulted from it. Like the modern laws as to competency of witnesses, the adoption of such a simple rule would render useless thousands of pages of reports and text books which now worry the brains of our judges and lawyers.

I have gone into this because with me the two questions seem so connected that I cannot decide them separately. If the return is held, as I think it should be, only *primâ facie* evidence, then if

amended, the question would still go to the jury, where it properly belongs, to decide whether the requirements of law had been complied with.

It is stated in the opinion of the majority that this point was decided in the case of *Hazard* v. *Clegg*. As no written opinion can be found, we cannot now tell what was decided. It is believed to have been, only a *nisi prius* decision, and not a decision on full hearing.