STODDARD *against* MOULTHROP:

IN ERROR.

The duties of commissioners on insolvent estates being strictly judicial, and the proceedings before them being essentially civil actions, the provisions of the statute regarding the disqualifications of judges from relationship or interest, are applicable to such commissioners.

Therefore, where the commissioners on an insolvent estate, reported debts against the estate in favour of *A.* and *B.*; and it appeared, that one of the commissioners was the brother of *A.*, and the brother by marriage of *B.*; it was held, that the decrees of the court of probate appointing such commissioners and accepting their report, were erroneous.

THIS was an appeal from a decree of the court of probate for the district of *New-Haven*, passed on the 10th of *October*, 1831, appointing *Leman Chatfield* and *John White* commissioners on the estate of *Seba Moulthrop*, deceased, and also from a decree of the same court, accepting the report of said commissioners, passed on the 10th of *April*, 1832.

The debts against the estate, as found by the report, amounted to 1656 dollars, 57 cents, and were due to sundry persons, among whom were *David Sanford*, whose debt was 54 dollars, 90 cents, and *Isaac White*, whose debt was 4 dollars, 14 cents. *Clark Moulthrop*, a son and heir at law of the deceased, appealed from said decrees, assigning the following reasons of appeal, *viz.* That said *David Sanford*, when said commissioners were appointed, was, and always since has been, brother by marriage to said *John White*, one of the commissioners; and that said *Isaac White* was then, and ever since has been, the brother of said *John White*. The debts of these creditors, the appellant averred, were due when the commissioners were appointed, and when their report was accepted; and therefore, said *John White* was not disinterested, but by reason of the aforesaid relationship, was disqualified by law to judge.

*Abiram Stoddard*, to whom a claim against the estate of 1451 dollars, 86 cents, had been allowed, by the commissioners, appeared, and demurred to the reasons of appeal. The court overruled the demurrer; and dis-affirmed and set aside the decrees appealed from. The appellee thereupon brought the case, by motion in error, before this court, for revision.

*N. Smith* and *Hitchcock*, for the plaintiff in error, contended, That the decrees of the court of probate ought not to be dis-affirmed, because the record discloses no interest in *John White*, the commissioner. Our law concerning insolvent estates, was passed in 1716; and continued until the revision of 1821. It required only, that the commissioners should be "fit persons." Appraisers originally were to be two *creditors* or *legatees*, or two other honest persons next of kin, or two or more honest neighbours. *Stat.* 60. ed. 1715. But in regard to insolvent estates, they are to be "fit and indifferent." In 1821, the difference between solvent and insolvent estates, is dropped; and appraisers must be "judicious disinterested

*New-Haven,*
*July, 1833.*

Stoddard
*v.*
Moulthrop.

freeholders," and commissioners " disinterested and judicious persons." *Stat.* 202. 210. Now, the relationship set forth creates no interest. The common law does not disqualify a relative to act as judge ; because his being a relative does not create an interest. He is still *disinterested ;* and the law knows of no bias or partiality in a judge. He who can testify, can judge. *Co. Litt.* 294. 141. 8 *Co.* 234. A juror, by the common law, must be *indifferent.* Therefore, if related in the ninth degree, he cannot sit. But in *Connecticut,* a judge may sit in a cause, to which his cousin is a party. He is both disinterested and indifferent. *Baldwin* v. *Bradley, cor.* superior court in *New-Haven* county, 1822.

Where our statute requires one to be *indifferent,* we have, by analogy, said, that his qualifications should be the same as the statute requires in judges. *Mitchell* v. *Kirtland,* 7 *Conn. Rep.* 229. But no case has decided, that a relative is *interested.*

Our statute disqualifying judges is confined to *civil actions between party and party. Stat.* 148. It does not extend to probate courts or their proceedings. Hence a probate judge, who is uncle or nephew, landlord or tenant, may proceed. *Stat.* of *May,* 1811, and *October,* 1816. At any rate, *commissioners* are not the judges intended by the statute.

There are three decided cases, reported by *Root,* in relation to the competency of commissioners ; and in every one of these cases, the commissioners were *creditors,* and were, therefore, *interested. Barker* v. *Wales,* 1 *Root,* 265. *Lyon* v. *Lyon,* 2 *Root,* 203. *Fairbanks* v. *Albro,* 2 *Root,* 386.

*Kimberly* and *C. A. Ingersoll,* for the defendant in error, insisted, 1. That *John White,* one of the commissioners, was, at the time of the appointment, legally disqualified to act as such ; he not being a *disinterested* person, within the act. *Stat.* 210. The same relationship which will, by statute, disqualify a judge, should also disqualify a person to act as commissioner. There is the same reason for the rule. This rule has been applied to the case of *jurors. Woodbridge* v. *Raymond, Kir.* 279. And to *appraisers* of land taken on execution. *Tweedy* v. *Picket,* 1 *Day,* 109. *Fox* v. *Hills,* 1 *Conn. Rep.* 294. *Mitchell* v. *Kirtland,* 7 *Conn. Rep.* 229. The words *indifferent* and *disinterested,* are used indiscriminately,

by the legislature, and are to receive the same construction, <span style="float:right">*New-Haven*,<br>July, 1833.</span> unless there is some ground for a discrimination in the nature of the subject matter. Here the object of the legislature <span style="float:right">Stoddard<br>*v.*<br>Moulthrop.</span> was, to secure an *impartial* tribunal; and the construction ought to be such as will best effectuate that object. It will be found universally true, that wherever there is an *adjudication* to be made between the parties, the statute rule, as to the disqualification of judges, is to be applied.

2. That the decree of the court of probate appointing *White* a commissioner, and all the proceedings thereon, are erroneous, and must be set aside. This court gives no judgment, except to reverse or affirm the decree of probate. **6** *Conn. Rep.* 359. per *Daggett, J.* And the court of probate has no power but to order payment of the debts *reported* by the commissioners. 2 *Conn. Rep.* 350.

CHURCH, J. Whether the judgment of the superior court dis-affirming the orders of the court of probate, and setting aside the report of commissioners, be erroneous, is the question presented by this record.

By the 38th section of the " act for constituting and regulating courts" &c. it is enacted : " That whenever there shall be so near a relationship between any judge or justice of the peace and any party in a civil action, as between father and son, by nature or marriage, brother and brother in like manner, uncle and nephew in like manner, landlord and tenant ; or whenever any judge or justice may be liable, in any manner, to contribute out of his estate to the damages, costs or expenses of any action ; or whenever he may receive a direct pecuniary benefit, by the determination thereof ; in all such actions, the said judge or justice shall be disqualified to act as judge or render judgment." *Stat.* 148. This enactment has defined the disqualifying interest of judicial officers, in all cases not otherwise provided for.

The duties of commissioners upon insolvent estates, are entirely of a judicial character ; they are appointed " to receive, examine and allow the claims of the several auditors, which shall be proved, by *legal evidence,* to be justly due ;" and if the proceedings before them are not, *in form, civil actions,* they are essentially such. Witnesses are sworn, and examined ; the rules of evidence observed ; and the judgments of

New-Haven,
July, 1833.

Stoddard
v.
Moulthrop.

commissioners, in all matters not exceeding seventy dollars, are final and conclusive. The contending claimants before commissioners are called "*parties;*" for it is provided, that if the matter in demand shall exceed the value of seventy dollars, the aggrieved person may have a review before a tribunal provided by law for that purpose, " which shall, as speedily as may be, hear the *parties*," &c. *Stat.* 210. The case of commissioners, therefore, is believed to fall within the words of the statute specifying the disqualifications of judges. But if it be not within the language, it is within the spirit of that law. Commissioners are empowered to act judicially upon rights of equal importance, as are the judges of common law courts; the necessity of impartiality is equally great; and the existence of bias as much to be apprehended; and for these reasons, the provisions of the statute alluded to, have been extended to appraisers of land taken on execution. *Tweedy* v. *Pickett,* 1 *Day,* 109. *Fox* v. *Hills,* 1 *Conn. Rep.* 295. *Mitchell* v. *Kirtland,* 7 *Conn. Rep.* 229.

But it is said, that the statute directing the appointment of commissioners upon insolvent estates, has only required, that they shall be " *disinterested* and judicious persons;" (*Stat.* 210.) and that, by disinterestedness, nothing more is meant, than that disinterestedness which the common law requires of a witness, as distinguished from *indifference,* which is required of appraisers of land. This distinction, as applied to this subject, is inadmissible.

That every government will provide for the unbiased and pure administration of justice, is to be presumed; and that all statutes in furtherance of this object, should be liberally construed to effect this purpose, is both safe and salutary. The statutes of this state contain various provisions of this character, dissimilar in their phraseology, but in all instances intended to secure *impartiality.* Thus, the statute under consideration requires commissioners to be " disinterested and judicious persons." That providing for the appointment of appraisers of the estates of deceased persons, requires "*judicious disinterested freeholders.*" That directing the appraisal of land taken on execution, provides, that the appraisers shall be " *indifferent freeholders.*" The law directing the distribution of deceased persons' estates, provides for the appointment of "*sufficient freeholders;*" while the statute providing for

the distribution of estates between adults and minors, directs the appointment " of *some meet person.*" The statute authorizing the appointment of auditors in actions of account, a tribunal with powers and duties very similar to those of commissioners upon insolvent estates, enacts, that " the court shall appoint not more than three *able, disinterested* and *judicious* men." Now, it would produce too much confusion to be endured, if the various statutory regulations referred to, and many others of similar import, all having one great object in view, were to receive various and conflicting constructions, by reason of the apparently accidental difference of language employed in their enactments. Words in a statute are to be understood and construed in reference to the subject matter about which the law is conversant. 1 *Sw. Dig.* 12. 1 *Inst.* 381.

New-Haven, July, 1833.

Stoddard v. Moulthrop.

The statute directing the appointment of commissioners upon insolvent estates, and providing for their qualifications, is conversant with judicial offices only ; and the disinterestedness, therefore, required of them, must be the disinterestedness of a judge, and not that of a witness ; and we have seen, that by the law of this state, a judge cannot be disinterested, who stands in so near a relationship to the parties interested, as that of brother and brother, by nature or marriage. *White*, therefore, was disqualified to act as a commissioner upon the estate of *Moulthrop ;* and the order of the court of probate appointing him, ought to be reversed.

It is also claimed, that the disqualification of *White* only extended to the claims of his brothers against the estate of *Moulthrop ;* and that, therefore, the report of the commissioners allowing the claims of all the other creditors of said estate, ought, so far, to be established. But it is very obvious, that if *White* was disqualified to act as a commissioner upon such estate, the court of probate could not legally appoint him to be a commissioner at all ; and it is equally obvious, that the interest of *White* was as great to defeat or diminish the claims of other creditors, as it was to establish the claims of his brothers, and thereby to increase the dividend which they would receive, if the estate was in fact insolvent.

For these reasons, I am of opinion, that there is nothing erroneous in the judgment of the superior court.

New-Haven,
July, 1833.

Stoddard
v.
Moulthrop.

The other Judges were of the same opinion.

Judgment affirmed.