Parker, C. J.,
delivered the opinion of the Court. In this action the demandant claims to be seised and possessed of a tract of land situated in the town of Boston; to which he deduces a title from Benjamin S. Williams, his father; and it is agreed that in 1780, one Benjamin Sault was seised of the land demanded, and by deed granted it to Margaret Williams for the term of her life, with remainder to the demandant’s father, the said Benjamin S. W., in fee simple. The tenant for life entered under the said conveyance, and continued in possession until 1794, when she died. Benjamin S. Williams, the remainder-man, died in 1791, never having been in actual possession of the land. As he took, by the deed, a vested remainder in * fee, the title of the demandant, who was his only child and heir, is complete and perfect; unless the land has been transferred by his father during his life, or by some act of law, which interrupts the descent.
The tenant contends that the land was so transferred in the lifetime of the said Benjamin S. W., the father; because, in the year 1789, Jeraihmeel Bowers recovered a judgment against him, and caused the same to be satisfied by extending his execution, in due form of law, upon the right and interest of the said judgment debtor in the 'said land; and that the said Bowers became seised of the said remainder by virtue of the said levy; he having, after the death of the tenant for life, entered into the premises, and occupied the same, until he parted with his title therein. The tenant has all the estate in the land, which the said Bowers acquired under his said judgment, execution, and levy.
The title of the demandant is thus legally intercepted, provided the estate of his father in the premises could lawfully be extended upon to satisfy the judgment of Bowers, and provided it appears by the return of the doings under the execution, that the levy was duly made by the sheriff.
The demandant’s counsel has contended that, by law, an estate not in possession, but in remainder, depending upon a life estate in being, is not subject to be extended upon, in satisfaction of an *29 execution for debt; and has argued against the levy from the common law, as well as from the statute of the commonwealth of 1783, c. 57.
He is certainly right with respect to the common law, or the ancient English statutes, which, if in operation here, are our common law, for' by those only one moiety of the lands of a debtor could be taken by the creditor, under the writ of elegit;. and then the creditor acquired no fee, but only a temporary possession and use of the lands, until out of the rents and profits his judgment was satisfied.
As we have no writ or execution, which can have * any such operation, it is clear that, unless our statutes authorize the proceedings in this case, the levy must be bad.
But we think it perfectly clear that, by our statute, a vested remainder or reversion in lands may as well be taken to satisfy a judgment, as an estate in possession ;• and we believe the question has not before been raised within the commonwealth.
By the second section of the statute above referred to, it is provided that the creditor may levy his execution upon the real estate of the debtor. The words used comprehend every species of estate in land ; and as a remainder or reversion vested come fairly, both in common parlance and in technical construction, within the terms real estate, we think if there were no more decisive indication of the intention of the legislature, the provision would extend to such estates. Remainders and reversions may be aliened by deed, and there is no reason why they should not be liable for the debts of the proprietor.
But by the fourth section of the same statute, the meaning of the legislature is put beyond all doubt. It is provided in that section, that all rights in equity of redeeming lands, mortgaged reversions, or remainders, shall be liable to be attached or taken by execution. Now, there would be a singular oversight, in providing that the equity of redeeming such estates, when mortgaged, should be taken while the estates themselves, free of encumbrance, could not be taken. We must suppose, therefore, that sufficient provision had been made for the estates unencumbered by the second section, under the phrase real estate. It may be well, also, to observe upon the punctuation, in the printed statute-book, of the fourth section, •that if it be proper to alter the position of the comma, so as to read, “ all rights in equity of redeeming lands mortgaged, reversions or remainders,” the provision for taking these estates would be direct and absolute, without the necessity of resorting to the other parts of the act for construction None of. the difficulties, which have *30 been * imagined in the argument, will follow from this provision of the statute.
As to the right in the debtor of revesting himself with the estate, upon paying his debt within the time of redemption ; if an action be necessary, he may undoubtedly maintain it. But as tender of payment within the year will devest the creditor’s title, there will be no need of an action; for the debtor will become, by operation of law, re-invested when he shall have entitled himself according to the provisions of the statute.
The supposed difficulty, that the officer cannot enter upon the land to deliver seisin, does not exist. If the law authorizes the levy, the officer may enter, and a seisin of the remainder may be delivered; for the remainder-rnan is seised, and the creditor is to have the same title in the estate, as the debtor had before the levy. The utmost of this objection is, that the tenant of the life estate may consider the officer, the appraisers, and the creditor, as trespassers. But even this is questionable; for when the law authorizes an act, and nothing is done, but what is necessary to accomplish the act, those who perform it may not be trespassers.
As to the provision respecting dower, it certainly cannot be necessarily inferred from the words of the statute, if the estate in remainder or reversion is liable to be extended upon, that therefore the widow shall have dower, although otherwise not dowable. The plain and obvious construction of this part of the statute is, that no woman entitled to dower shall be prejudiced therein, by means of the operation of this statute.
It is very clear, we think, that estates in reversion or remainder may be extended upon, by virtue of this statute, to satisfy executions, which are issued to enforce satisfaction of a judgment for debt, (a) The remaining question, then, is, whether the land demanded has been lawfully extended upon ; or, in other words, whether *the proceedings, which are before us, were conformable to the provisions of the statute.
Several objections have been made to different parts of the proceedings, as they appear by the return of the sheriff; for all the certificates must be considered as parts of his return.
First, there appears to be a mistake in the certificate of the justice of the peace, who administered the oath to the appraisers; he having certified that he swore Benjamin Davis, and the appraiser so sworn being Edward Davis. Second, the appraisers certify, that they appraised, and set off the land, whereas the execution was, *31 in fact, extended upon the estate of the debtor, which was a remainder.
Perhaps these exceptions would be fatal, if we considered the certificates of the magistrate, and of the appraisers, as making an essential part of the proceedings to be returned by the sheriff. But having recently determined, in the case of Eggleston vs. Bridge, in the county of Berkshire, that those certificates are not essential, and as, by the return of the sheriff, it appears that Edward Davis was sworn, and that the true estate of the debtor was appraised and set off, these objections cannot prevail.
It is, perhaps, new in this part of the commonwealth, that the certificate of the magistrate and of the appraisers need not be made a part of the return; although in the western counties the practice, under very eminent lawyers, has corresponded with this doctrine. The statute requires that the doings on the execution shall be returned by the sheriff If he certify that the appraisers were duly chosen or appointed and sworn, and that they performed the duty assigned them, it is sufficient. It may, nevertheless, be convenient to continue the old practice; for these certificates, when made, may become a part of the sheriff’s return, and, in case of an insufficient certificate by him may supply the defect. We consider the practice usually followed in this part of the commonwealth, of annexing the * certificate of the magistrate and appraisers, as well calculated to preserve the evidence of what has been done; and we hope it will be persevered in, al though, as has been observed, it is not essential to a tide under an execution.
We have, then, only to look to the return of the sheriff, to see if there has been a lawful levy upon the land in question; and here we are concerned to perceive a defect, which, we are all of opinion, is fatal to the tenant’s title.
It nowhere appears, upon the return, that the persons appointed appraisers were discreet and disinterested men, and freeholders in the county where the land levied upon lies. By the statute these qualifications are made essential and indispensable. Proof cannot be admitted that they did in fact exist; for it must appear by the return of the sheriff. Here is a case, where the defect in the officer’s return of his own doings might be supplied by other parts of the proceedings, which he makes a part of his return. But we find it nowhere stated, neither in the magistrate’s certificate nor in that of the appraisers, that they were disinterested or freeholders. In the case of Eddy vs. Knapp, (9) the point was decided, that as the *32 officer’s return did not show a good cause for two of the appraisers being appointed by him, the levy was for that cause void. The defect in this return is, at least, equally important; and the same consequence must follow.
Many cases, cited from our reports, show that the Court has uni formly adherred to the opinion, that every thing made necessary by the statute to pass the property, either in land or chattels, must appear by the return of the officer to have been done. (b)
It has been suggested that, after so considerable a lapse of time, a presumption ought to be admitted that the appraisers were properly qualified;. and the case of Gray vs. Gardner was referred to, m which the jury were permitted to presume, twenty years after an administrator’s sale, that the administrator had taken the * necessary oath, and had posted up notifications, as required by law.
But the cases are not similar. In that case, all that was wanted was proof that the fact existed ; and there was probable ground to believe that the regular evidence had been lost in the probate office; a presumption, therefore, in favor of the regularity of the proceedings in that case, was thought justifiable. But here the return of the officer is the evidence of title ; and that return is deficient in a material circumstance. If the fact could be proved, still the title would be defective, because the return is not complete ; it having been determined, as before stated, that the return must show every thing essential. A statute title must always be perfect, that is, every thing, which the law deems essential to the transfer of the property of one to another, must appear on record to have been done. Whether an acquiescence for twenty years, (by a person of full age and competent to act,) in the possession of his land by another, under a title supposed to be acquired by a defective levy of an execution, will not preclude him or his heirs from taking advantage of the defect, we are not bound to determine in the present action. For although more than twenty years have elapsed since the creditor entered under his execution, yet the present demandant has arived at full age within a few years only, and was privileged during his minority not to be barred by the adverse possession of those claiming under the execution; at least, so far as that he may now vindicate his title, and question the proceedings, by which his ancestor’s estate was attempted to be taken from him.
On the ground of the defect in the return of the sheriff, which *33 has been remarked upon, we are of opinion that the levy is void, and that the demandant must recover.

Defendant defaulted.

 [Penniman vs. Hollis, 13 Mass. Rep. 429: — Atkins vs. Bean, 14 Mass. Rep. 464 Ed.]

 2 Mass. Rep. 154.

 [Wellington vs. Gale, 13 Mass. Rep. 483. — Davis vs. Maynard, 9 Mass. Rep. 242. — Perry vs. Dover, 12 Pick. 211. — Allen vs. Thayer, 17 Mass. Rep. 299. — Ed.]