## Case No. 16,312.
### UNITED STATES v. SLADE.
[2 Mason, 71.] [1]

Circuit Court, D. Massachusetts. May Term, 1820.

EXECUTION—EXTENT UNDER MASSACHUSETTS STATUTE—APPRAISEMENT—RETURN.

1. An extent under the statute of Massachusetts of 1784, upon real estate is not good, unless it appear by the return that all the appraisers are sworn—nor unless all the appraisers concur in the appraisement.
[Cited in Koning v. Bayard, Case No. 7,924.]
[Cited in Wilcox v. Emerson, 10 R. I. 276.]

2. But it is not necessary to the validity of the levy, as between the parties and their privies, that they should be recorded within the three months prescribed by the statute; nor that a certificate of the appraisement should be made and signed by the appraisers. It is sufficient that the officer's return contains all the facts necessary to make the levy valid.
[Cited in Howard v. North, 5 Tex. 290.]

[1] [Reported by William P. Mason, Esq.]

Writ of entry counting on the seisin of the United States within twenty years, and a disseisin by the tenant [William Slade]. Plea, nul disseisin. At the trial, the title of the United States appeared to be under an execution dated the 10th of April, 1805, and issued on a judgment recovered by the United States against one John Bowers, the owner of the land, at the March term of the district court of Massachusetts district, A. D. 1805. The levy was made by the marshal of the district, on the 13th day of May, 1805, and was duly returned into the clerk's office, but was not recorded in Bristol county, where the land lies, until the 29th day of September, 1818. The marshal's return stated in substance that he had levied the execution on the land, the reversion of which was the property of Bowers, describing its boundaries; that he caused three discreet and disinterested men, freeholders of the said county, one chosen by the United States, (the creditor,) one chosen by Bowers, (the debtor,) and one by the marshal, to be sworn before one of the justices of the peace for the same county, faithfully and impartially to appraise such real estate as should be shewn to them, as by the justice's certificate on the same execution appeared; who appraised the land at $1582 45, to satisfy the execution and all fees; and that he delivered seisin and possession of said estate to H. B. in behalf of the United States. There was no certificate by the appraisers that they were freeholders, or of their appraisement, or of their doings on the premises. It was further proved that Bowers was entitled to the reversion in the land subject to an estate in dower which had now expired.

William Sullivan, for the tenant, contended that the execution was not well levied on the demanded premises: (1) Because there was no return or certificate by the appraisers, the return of the officer not being sufficient for that purpose. (2) Because the execution was not recorded in the county where the land lies, within three months after the levy. But the court overruled both objections, reserving the points for further consideration, if the verdict should be against the tenant, and suffered the papers to go to the jury. The tenant then claimed title to the demanded premises on a judgment recovered by himself against Bowers, at the October term of the court of common pleas, of Bristol county, 1809, and a levy on the execution, issued thereon on the 9th of the ensuing November, which was duly recorded within three months. The return was signed by two of the appraisers only, and no reason was assigned on the return for this omission. But by a deposition of the third appraiser, offered in evidence by the tenant, it appeared that he refused to join in the appraisement, thinking it too low. It further appeared on the return, that but two of the appraisers were sworn, and the third was affirmed.

Mr. Blake, U. S. Dist. Atty., objected to the tenant's title for both reasons, viz.: (1) That

all the appraisers were not sworn. (2) That the return was not signed by all of them, or some reason assigned for the omission. The objections were sustained by the court; and a verdict was taken for the plaintiffs, subject to the opinion of the court upon the points made at the trial.

And now W. Sullivan, having previously moved for a new trial, and the case coming on for argument, admitted that upon examination of the authorities he could not sustain his objections to the plaintiffs' levy; but he endeavoured to maintain the sufficiency of the tenant's levy, supposing that a record within three months was indispensable to the title of the plaintiffs, as against other purchasers. He cited on the subject, Norcross v. Widgery, 2 Mass. 506; Pidge v. Tyler, 4 Mass. 541; Farnsworth v. Childs, Id. 637; Williams v. Amory, 14 Mass. 20.

Mr. Blake cited the following additional authorities: Eddy v. Knap, 2 Mass. 154; Ladd v. Blunt, 4 Mass. 402; Tate v. Anderson, 9 Mass. 92; Whitman v. Tyler, 8 Mass. 284; McLellan v. Whitney, 15 Mass. 137.

STORY, Circuit Justice. The statute of Massachusetts of the 17th of March, 1784, enacts, that when any judgment creditor shall think proper to levy his execution on his debtor's real estate, the officer to whom it is directed shall cause three disinterested and discreet freeholders in the county where the land lies, one to be chosen by the creditor, one by the debtor, and a third by the officer; and in case the debtor shall neglect or refuse to choose, the officer shall appoint one for the debtor, to be sworn before a justice of the peace for the county, faithfully and impartially to appraise such real estate as shall be shewn to them, to satisfy the execution, and shall set out such estate by metes and bounds, and the officer shall deliver seisin and possession to the creditor. And the statute then declares: "Which execution being returned with the doings thereon into the clerk's office, and before such return into the clerk's office or afterwards, and within three months, the same shall be recorded in the registry of deeds in the county where the land lies, shall make as good a title to such creditor or creditors, his or their heirs and assigns, as the debtor had therein."

In questions of local law, and in the interpretation of state statutes, it is a great relief to my mind, when I am able to resort to decisions already made by state tribunals, instead of being myself compelled to give a construction to them for the first time. The courts of the United States in cases of this sort, have invariably adhered to the state decisions, without entertaining any question as to their original propriety, whenever there has appeared a fixed and unequivocal rule for their guidance. And this has been done not only from a spirit of comity; but also from considerations of public policy, and public interest. If it be of importance that there

should be an end of litigation, it is not of less importance, that the rules by which private rights are to be ascertained, should be uniform and consistent; and that our citizens should not be delivered over to endless doubts from conflicting jurisdictions.

When this case was first opened, impressed as I was with the uniformity of the practice in the county where I was bred, to include in the return of every levy of real estate, a certificate by the appraisers, of their doings, it struck me that there was a good deal of weight in the objection urged at the bar on this point against the title of the United States. It was then suggested, that the objection had been expressly overruled in the state courts. The case alluded to is Williams v. Amory, 14 Mass. 20, where the point was directly decided; and I am entirely satisfied with the reasons, upon which the decision is founded. The first objection, therefore, to the title of the United States, is untenable. And the second objection, that the levy was not recorded in the registry of deeds within the time prescribed by the statute, must in like manner be abandoned, for as between the parties to the execution it has been settled to be immaterial (McLellan v. Whitney, 15 Mass. 137; Ladd v. Blunt, 4 Mass. 402), and unless the tenant can shew a good title in himself, he cannot contest that of the United States.

We are driven therefore to consider the sufficiency of the title of the tenant as an execution creditor. And it appears to me, that both of the objections taken to that title by the counsel for the United States, are fatal. The general rule is, that where the party takes by a statute extent, or title on record, every thing essential to that title must be apparent upon the record. The statute expressly requires that the appraisers shall be sworn, and here one of them was merely affirmed. No such substitution is authorised by the terms of the act; and it is not for courts of justice to supply the defect.[2] In the next place, two only of the appraisers concurred in the appraisement, and no reason is assigned for the nonconcurrence of the third. The act requires the appraisement to be made by all the appraisers; and I am not aware that it has ever been held that an appraisement by two only, is under any circumstances valid. If the appraisement be made by all, though the certificate thereof be signed only by two, it may be good, if a good reason be stated for the omission, such as the death of the third appraiser. I mean to confine this language to cases where the certificate forms a part of the return, and may be referred to to correct any ambiguity in the return; for as it is now settled that

[2] The statute of February 28, 1811 (chapter 127), has authorized an affirmation instead of an oath to be made by Quakers, before they enter on the discharge of any office, place or business, or on any other lawful occasion, where an oath is required. The levy in this case was before that statute.

the certificate of the appraisers is unnecessary; if the return of the officer be otherwise sufficient, the terms and signing of the certificate become altogether immaterial. It is in this way that I understand the doctrine laid down in Whitman v. Tyler, 8 Mass. 284; otherwise it would be inconsistent with that held in Williams v. Amory, 14 Mass. 20. Parol proof cannot be admitted to show that the third appraiser did concur, for it must appear by the return of the officer. And if it could be admitted. his own deposition, now in court, would prove that he never did concur in the appraisement, (as indeed is necessarily to be inferred from the return itself) but dissented for a sufficient cause, viz. that the appraisement, was too low in value, a cause however which destroys the levy; for an appraisement by two appraisers only is, as I conceive, a mere nullity. For both causes, therefore, the extent of the tenant conveyed no title to him in the land in question, it being in substance defective.

Judgment for the United States.