## SAMUEL PHILLIPS *et al. vs.* PETER WILLIAMS.

It is no valid objection to an extent of an execution upon lands, that but two of the appraisers signed the return, without any reason given why the third did not sign, if it appear from the return of the officer, that all three acted.

In an extent it is not essential, that the magistrate, administering the oath to the appraisers, should either make or sign a certificate thereof; but it is sufficient, if it appear by the return of the officer, that they were duly sworn.

Where the officer returned, that the appraisers were duly sworn, " as will appear by the certificates of the Justices," and there was no name signed to one of the certificates; the extent was held good.

EXCEPTIONS from the Court of Common Pleas, *Smith J.* presiding.

*Trespass quare clausum.* The plaintiffs claimed the *locus in quo* by virtue of the levy of an execution thereon in their favor against the defendant, *June* 3, 1830, as his property. Two objections were made to this levy. 1. That it does not appear, that *Eusebius Fales,* one of the appraisers, was sworn. 2. That it does not appear, that *Ballard Green,* who did not sign the return, acted as an appraiser, or viewed the land. On the back of the execution, preceding the return, was a certificate, bearing date the day of the levy, *June* 3, 1830, commencing, " Personally appeared *Eusebius Fales* and made oath," &c. in the proper form of a certificate of his being sworn, as an appraiser, but no name was signed to this return. Immediately following, and of the same date, was a certificate in proper form, that *Joshua Jordan* and *Ballard Green* had taken the appraiser's oath, signed by *Eusebius Fales,* as Justice of the Peace. In the officer's return, he says, " I have this day caused *Eusebius Fales, Esq., Ballard Green,* and *Joshua Jordan,* gentlemen, in said county, and freeholders, being three disinterested and discreet men, to be duly sworn faithfully and impartially to appraise such real estate of the within named *Peter Williams* as should be shown to them, to satisfy this execution and all fees, according to their best skill and judgment, as will appear by the certificates of the Justices." " And the appraisers having this day viewed the aforesaid premises, appraised the same upon their oaths aforesaid," &c. " and the said appraisers set out the same tracts of land by metes and bounds on the same 3d day of *June,* 1830."

In the return of the appraisers, which was signed by *Fales* and *Jordan* only, the land was particularly described. The description of the land was not repeated in the return of the officer, but only referred to, thus: "the aforesaid tracts of land, which are particularly bounded and described, as in the foregoing return of the appraisers." The parties agreed, that a nonsuit or default should be entered according to the opinion of the Court. The Judge of the Court of Common Pleas directed a nonsuit, and the plaintiffs excepted.

*J. S. Abbott,* for the plaintiffs.

It has been repeatedly settled, that neither the Justices before whom the appraisers are sworn, nor the appraisers themselves, need make any certificate of their doings. *Barnard* v. *Fisher,* 7 *Mass. R.* 71 ; *Williams* v. *Amory,* 14 *Mass. R.* 20 ; *Bamford* v. *Melvin,* 7 *Greenl.* 14. And if the return of the officer shows, that all the requisites of the law have been complied with, the levy is good. And where the officer's return does not state all the facts, but refers to the appraisers' or Justices' certificate, as part of it, the return is good. If the officer states the facts, his statement is conclusive, even if there be a reference to the return of the Justice, and there be no return of his, or a defective one. *Shove* v. *Dow,* 13 *Mass. R.* 529 ; *Howard* v. *Turner,* 6 *Greenl.* 106. The return in this case, shows that all the appraisers were sworn. If the certificates referred to do not fully confirm the return of the officer, they do not contradict it.

It is not necessary that all the appraisers should sign the return. It is sufficient, if they all view the land, and act in the appraisal. If two of them concur in the appraisal, it is sufficient. *Moffit* v. *Jaquins,* 2 *Pick.* 331 ; *Barrett* v. *Porter,* 14 *Mass. R.* 143. In this case, the officer's return shows, that the three viewed the land, and acted as appraisers.

*Cilley,* for the defendant.

It is well settled, that every thing the statute requires must appear either in the return of the officer, or in some of the proceedings referred to, and made part of it. Where any thing is referred to in the return, it becomes a part of it. The burthen is on the plaintiffs to show a compliance with the statute provisions. Here the officer only says, that the appraisers were sworn in the manner

which appears from the certificates, and they show, that but two were sworn. These certificates are referred to quite as strongly, as part of the return, as the description of the land in the appraisers' return; and if one is rejected, the other must be also. Admit them both, as part of the return, or reject both, and the levy is void. The case of *Howard* v. *Turner,* 6 *Greenl.* 106, referred to on the other side, is an authority directly in our favor.

The case does not show, that the appraiser, who did not sign the return, acted. The return refers expressly to the certificate of the appraisers, and no fair construction of the return can make it refer to any other appraisers, than those who have affixed their signatures to their doings. The appraisers' return excludes the supposition, that more than two acted. The return of the officer merely shows, that three were chosen, but does not show, that more than two of them were sworn, or acted.

After a continuance, the opinion of the Court was drawn up by

WESTON C. J.—The officer, in his return upon the execution, states, that he caused the appraisers, naming them, to be duly sworn, faithfully and impartially to appraise such real estate, as should be shown to them, according to their best skill and judgment, " as will appear by the certificates of the Justices." One of those certificates was not signed by the Justice, but there is nothing in either, which contradicts, or is inconsistent with the material fact, set forth in the return, namely, that the appraisers were duly sworn. It was not essential, that the Justice should either make or sign a certificate. The return of the officer is plenary evidence upon this point. *Williams* v. *Amory,* 14 *Mass. R.* 20.

By " the appraisers," who are stated in the return to have viewed the premises, must, in our opinion, be understood the three, whose appointment and qualification had been previously certified. The absence of either is not intimated; and it is not to be inferred from the fact, that the written appraisement is signed by but two of them. It has been held to be no objection to a return, that when two only sign the appraisement, no reason is assigned for the omission of the subscription of the third, where it otherwise appears, that the three acted. *Barrett* v. *Porter,* 14 *Mass. R.* 143.

*Exceptions sustained.*