## EDMUND MUNROE vs. EBENEZER REDING.

In an extent on land, it must appear of record, that there has been a substantial compliance with the requirements of the statute; and if it do not so appear, the defect cannot be supplied by parol proof.

Where an officer's return of an extent on land states that all three of the appraisers viewed the land, and also states at its conclusion, "all which appears by his receipt and the writing above," but at the same time states material facts not noticed in the certificates; the levy is not void because it appears, that but two of the appraisers signed the certificate.

If the appraisers are duly sworn to appraise such real estate as shall be shown to them, "to satisfy the within execution," the oath is sufficient without adding, "all fees and charges."

EXCEPTIONS from the Court of Common Pleas, PERHAM J. presiding.

This was a writ of entry brought to recover a tract of land in *Calais,* and was tried on the general issue.

The demandant claimed a tract of land, once the property of the defendant, deriving title by virtue of an extent of an execution thereon in favor of *Abiel Wood,* deceased, and a deed thereof from the administrator of *Wood.* At the trial, several objections to the validity of the administrator's sale were made, but abandoned in the argument. It becomes therefore unimportant to state them. The objections made to the levy at the trial, the ruling of the Judge of the Court of Common Pleas, and the points made in argument in this Court, appear in the opinion of the Court.

*Chase,* for the defendant, contended, that the levy was void, because the statute provisions were not complied with; and cited *Whitman* v. *Tyler,* 8 *Mass. R.* 284 ; *Barrett* v. *Porter,* 14 *Mass. R.* 143 ; *Moffitt* v. *Jaquins,* 2 *Pick.* 331 ; *U. States* v. *Slade,* 2 *Mason,* 71; *Sturdivant* v. *Frothingham,* 1 *Fairf.* 100. To show, that the deposition was improperly admitted, he cited *Williams* v. *Amory,* 14 *Mass. R.* 20.

*Cooper,* for the plaintiff, argued, that every fact required by the statute to make the levy good was found in the return of the officer, and cited *Barrett* v. *Porter,* and *Moffitt* v. *Jaquins,* cited for the defendant.

The opinion of the Court was drawn up by

SHEPLEY J. — The plaintiff derived title from *Abiel Wood*, deceased, by a conveyance made by his administrator, who was licensed to sell at public or private sale. Exceptions were taken to the authority of the administrator to convey, which were waived at the argument ; and it is not therefore necessary to consider them.

To prove *Wood's* title, a copy of the record of the proceedings in the levy of an execution, issued on a judgment recovered by *Wood* against the tenant, were read. The counsel for the tenant objected to the sufficiency of these proceedings to convey the title, because it appeared, that but two of the appraisers had signed the certificate of their doings. To obviate this objection, the plaintiff was erroneously permitted to read the deposition of *Lewis Wilson*, to prove that the appraiser, who did not sign, was present and viewed the premises, and did not sign because he did not agree with the others in estimating the value of the premises. To transfer the title, there must appear of record to have been a substantial compliance with the requirements of the statute ; and if it does not so appear, the defect cannot be supplied by parol proof. Where by the return of the officer it did not appear, that the appraisers were discreet and disinterested men, that defect could not be supplied by parol testimony, as decided in *Williams* v. *Amory,* 14 *Mass. R.* 20. The validity of the levy must depend upon its sufficiency without such proof. The officer's return, speaking of all three of the appraisers, says, " who afterwards viewed the above described lands and tenements." The argument is, that this language does not prove, that all the appraisers acted, because the officer, at the close of his return, says, " all which appears by his receipt and the writing above ;" and thereby refers to the preceding certificates for the facts ; and by such certificates it does not appear, that all acted. But the officer does state in his return other material facts not noticed in such certificates. Such as the facts by whom the appraisers were selected, that they were freeholders, and that they were " indifferent discreet persons," as it is expressed.

It does not appear, from an examination of the whole return, that the officer intended to state facts not appearing, except by his own return ; and the particular statement therein made of material facts, cannot be impaired by the general language used at the close of it.

There being evidence that all the appraisers acted and viewed; the levy cannot be regarded as void because one omitted or refused to sign. *Barrett* v. *Porter*, 14 *Mass. R.* 143; *Moffitt* v. *Jaquins*, 2 *Pick.* 331.

It is objected, that the levy is defective, because the appraisers were not sworn to satisfy the execution and " *all fees and charges.*" But it has been decided, that the levy is not for that cause void. *Sturdivant* v. *Sweetser & al.* 3 *Fairf.* 520. The officer's return and the proceedings being sufficient to convey the title by statute, there must be judgment on the verdict.