BENJAMIN BRADLEY & others *vs.* GEORGE BASSETT & others.

In the return of the levy of an execution on real estate, it must appear that the appraisers were "disinterested and discreet men," or the levy will be void.

THIS was a petition for partition, in which the petitioners claimed title under the levy of an execution on the premises described in the petition, in favor of the Peoples Bank of Roxbury against Thomas Hobart, issued on a judgment rendered at the September term of the court of common pleas, 1840, for the county of Norfolk.

At the trial, which was before *Wilde,* J., in this court, it not appearing by the officer's return on the execution, that the appraisers were "disinterested and discreet men," the judge

was of opinion that the levy was void by reason of such omission, and thereupon directed a nonsuit to be entered. If the court shall be of the same opinion, the nonsuit is to stand; otherwise, a new trial is to be granted.

*T. G. Coffin* and *J. H. Clifford,* for the respondents, referred to *Williams* v. *Amory,* 14 Mass. 20; *Lawrence* v. *Pond,* 17 Mass. 433; *Lobdell* v. *Sturtevant,* 4 Pick. 243; *Childs* v. *Barrows,* 9 Met. 413; Rev. Sts. c. 73, § 3.

There was no appearance for the petitioners.

Dewey, J. There would, we suppose, have been no doubt entertained, that prior to the enactment of the revised statutes, the objection now taken must have been fatal to the levy under which the plaintiffs claim title. *Williams* v. *Amory,* 14 Mass. 20. It is argued, however, that the Rev. Sts. c. 73, § 23, have dispensed with the necessity of stating, in the return of the officer, that the appraisers " were discreet and disinterested men." This section (§ 23,) it is said, has prescribed the matters to be contained in the officer's return, and the subjects therein enumerated not embracing the one here omitted, it is urged, that, by necessary or reasonable implication, it must be taken to be excluded. The language of the statute is perhaps broad enough to justify this view, if we should regard simply the provision of the twenty-third section. But with a proper regard to the various other enactments, regulating the proceedings in making a levy on the real estate of the debtor, we think this position will be found untenable. It has been the doctrine of this court, that every thing made necessary by the statute to pass the property must appear by the return of the officer to have been done. The provision, that the officer shall cause the estate to be appraised " by three disinterested and discreet men," is direct and peremptory, and must be complied with to render the levy valid. There is no allusion to this requisition in the twenty-third section, and a levy without any certificate to that effect would be a full compliance with that section. But it is quite obvious, that the enumeration of matters to be certified in the return is not fully given in the twenty-third section; for if it

were, then a levy would be good, where there was an entire omission to give the names of the appraisers, no such duty being required by that section. But we suppose it to be clearly the duty of the officer to certify in his return the names of the appraisers; and the further fact, that they were " discreet and disinterested men," is also required to be certified. The omission to do so is a fatal defect in the levy in the present case.  *Petitioners nonsuit.*