# CASES

# SUPREME JUDICIAL COURT,

IN THE

# COUNTY OF YORK.

## ARGUED AT APRIL TERM, 1849.

ZEBADIAH JACKSON *versus* AARON C. WOODMAN.

In a levy of execution upon real estate, a delivery of seizin to the creditor after the appraisement is essential to the passing of the title.

If the creditor refuse to receive the seizin, the previous proceedings, in making the levy, have no effect toward satisfying the execution.

The title must be proved by the return of the officer. The creditor's declarations are not evidence on the question of title.

DEBT ON JUDGMENT. An execution had issued. The cost part of judgment was satisfied by a sale of personal property. The defence was, that as to the debt part, the execution had been satisfied by a levy of the defendant's land.

The levy was regularly and legally made in full satisfaction of the execution, except in the proceedings relative to the delivery of seizin. As to those proceedings the officer's return is:

"On the same twenty-seventh day of June, 1844, by direction of the attorney aforesaid, I levied this execution on the said tract of land, and I then offered to the attorney of the creditor to go upon the same premises and deliver seizin and possession thereof, but he declined so to do, but before the appraisers had signed their return of their appraisement and before I offered to go upon the land, the said attorney did sign

a paper acknowledging the receipt of seizin thereof, which paper the said attorney demanded of me, and I returned the same to him, and afterwards, on the twenty-sixth day of September, 1844, before the end of three months from the time of the certificate of said appraisers, I offered to the said attorney of the creditor to go upon the premises and deliver seizin and possession thereof, but he refused so to do, or to receive seizin and possession thereof, and no other seizin or possession has been given by me than as above stated.

"I return this execution satisfied in part for the sum of nineteen dollars and fifty-four cents, the amount of the sales of the personal estate, as before stated on this execution. And I further return that this execution is satisfied for the further sum of four hundred and seventeen dollars and nine cents, being the amount of said appraisal of real estate, after deducting sixteen dollars and twenty-four cents for my fees and expenses of levying the execution, provided that the aforesaid real estate has become the property of said Jackson by reason of the proceedings aforesaid, but otherwise, I return the same satisfied only for the proceeds of the sale of the personal estate."

The defendant offered testimony to prove that the plaintiff, (after the return of a levy, as will appear on the execution, had been made,) claimed to be the owner of the estate levied upon, and that he offered it for sale. This testimony was excluded by SHEPLEY, C. J., before whom the trial was had.

The defendant then consented to be defaulted. The default is to be taken off, if the testimony was improperly excluded. But if it was properly excluded, and if the plaintiff is entitled to recover, judgment is to be entered upon the default.

The case was submitted without argument.

The COURT, by WHITMAN, C. J., orally.

When an execution is levied on lands, every thing required by statute to pass the property, must appear by the return of the officer to have been done, or there can be no valid title acquired by the creditor. *Williams* v. *Amory,* 14 Mass.

20; *Allen* v. *Thayer*, 17 Mass. 299; *Litchfield* v. *Cudworth*, 15 Pick. 23; Maine Rev. Stat. c. 94, § 24. It must appear by the record that the creditor acquired a title or he has none. No title can come by parol, by means of a levy, than by a parol deed. *Gorham* v. *Blazo*, 2 Greenl. 232, where the requisites are stated. They recognize the principle that a levy may be waived at any time before delivery of seizin. *Banister* v. *Higginson*, 3 Shepl. 73; *Munroe* v. *Reding, ib.* 153; 18 Maine, 405.

The return of the officer must show, that he delivered seizin and possession of the land appraised, to the creditor or his attorney, or no title will pass to the creditor. This is one of the essential particulars required by the Rev. Stat. c. 94, § 24, to be returned by an officer, also § 17, 18, 21, 22. *Darling* v. *Rollins*, 18 Maine, 405; *Pope* v. *Cutler*, 22 Maine, 108. Both the last cited cases are in point and decisive.

*Judgment on the default.*