### JOHN F. SCAMMON *versus* EDMUND SCAMMON.

A statute title is not perfect, unless every thing has been done which the statute requires.

A title cannot be acquired by a location of a lot reserved for public uses, under the R. S., c. 122, § 4, unless the return of the committee, after having been accepted by the Court, is recorded in the Registry of Deeds within six months.

ON REPORT from *Nisi Prius*, CUTTING, J., presiding.

WRIT OF ENTRY.

The demandant claimed title to the premises, through mesne conveyances, from the Commonwealth of Massachusetts. The tenant claimed, through mesne conveyances, by virtue of the assignment and location of the premises, as a lot reserved for public uses.

The proceedings had in the assignment of the lot, upon the validity of which the case turned, appear in the opinion of the Court.

The parties agreed that the Court might draw such inferences and conclusions from the testimony, as a jury might; and if, in the opinion of the Court, the demandant could maintain his suit, the case was to stand for trial to adjust the respondent's claim for betterments; otherwise, the demandant to become nonsuit.

*James Bell*, for demandant.

1. The tenant's counsel insists, that he has shown a "judgment for location." There is no such "judgment," and if there was, it would be unauthorized, and of no validity.

2. It is said the demandant should have appeared, and objected to the acceptance of the report. We contend that the location is absolutely void, and not voidable merely.

The counsel argued against the validity of the location on the ground of want of certainty in the location on the face of the earth, &c., which is rendered unimportant by the decision of the Court upon the question of registry.

3. The title of the respondent under the location must fail for want of compliance with that provision of the statute,.

VOL. XLI. 71

requiring the recording of the location in the registry of deeds within six months. R. S., c. 122, § 4.

*A. M. Robinson* and *P. S. Merrill*, for respondent.

1. The committee having been duly appointed, have complied with the requirements of the R. S., on the subject of location of lots for public uses, in all material respects.

2. The records show a "judgment of location." This judgment, not having been reversed or annulled, presents an insurmountable barrier to the plaintiff's suit. *Bannister* v. *Higginson*, 15 Maine, 73; *Smith* v. *Keene*, 26 Maine, 411; *Pierce* v. *Strickland*, 26 Maine, 277; *Eldridge* v. *Preble*, 34 Maine, 148; *Plummer* v. *Waterville*, 32 Maine, 566; 5 Greenl. 459; 1 Greenl. 369; 37 Maine, 21.

3. The doings of the committee, accepted by the Court, have been duly recorded; and though not within six months, as the statute requires, yet before the conveyances to the plaintiff. The statute is directory, and it is enough that the record is before the conveyance set up against it. 15 Mass. 139; 17 Maine, 249; 22 Maine, 145.

HATHAWAY, J. — The demandant derives title to the premises, through mesne conveyances from the Commonwealth of Massachusetts, by grant of February 16, 1811, to the trustees of Saco Academy, which grant contained the common reservations of lands for public uses. The tenant, through mesne conveyances, claims title to the same land by virtue of its assignment and location, according to the provisions of the statute, as one of the lots reserved in the grant for public uses; and the case finds that, in pursuance of previous proceedings in the late District Court in the county of Piscataquis, at the September term thereof, 1842, a committee, who had been previously appointed by the Court to make the location, made report of their doings, by which they located the same as one of the public lots, which report was accepted, and judgment rendered thereon.

If the tenant has title to the demanded premises, it is by virtue of the statutory proceedings, by which the location and

assignment were made. A statute title must always be perfect; that is, every thing which the statute requires to make it perfect, must have been done. *Williams* v. *Amory*, 14 Mass. 20, Rand's edition.

The return of the warrant and the doings of the committee was made to the Court, and accepted, and judgment rendered thereon, the second day of the September term, 1842, but was not entered of record in the registry of deeds, until the tenth day of June, 1843, a period of more than eight months after its acceptance. By R. S., c. 122, § 4, it was provided that "the committee shall make return of said warrant, and their doings thereon, under their hands, to the next District Court in the county, after having completed the service; which, being accepted by the Court, and recorded in the registry of deeds for the same county, within six months, shall be a legal assignment and location of such reserved proportions, for the uses designated."

The recording of the proceedings in the registry of deeds, within six months after their completion in Court, having been made by the statute an essential element of "a legal assignment and location," and no such record having been made within that time, the tenant's title, under the assignment and location, fails, and the demandant must prevail.

And, as agreed by the parties, the action must stand for trial, upon the question of betterments.

TENNEY, C. J., and MAY and APPLETON, J. J., concurred.

GOODENOW, J., did not concur with the Court, and gave his views of the case in the following dissenting opinion: —

I am not ready to concur in the foregoing opinion of the Court, that "the recording of the proceedings in the registry of deeds, within six months, after their completion in Court" has been made, "by the statute an *essential* element of a legal assignment and location," and that "no such record having been made, within that time, the tenant's title under the assignment and location fails."

Where the reason ceases, the law ceases. A record of a

deed is not essential in all cases, although the language of the statute would seem to make it so.

The proceedings were recorded before the conveyances between the plaintiff and his grantee. The title to these reserved lots remained in the State. It was never in the plaintiff only as a tenant in common.

The sixth section of c. 122, provides, that "the severance and location of such reserved lands may be made and completed in the manner prescribed in the fortieth section of c. 121, as circumstances may render it convenient." The fortieth section of c. 121, provides that the commissioners shall first set off, by metes and bounds, such reserved lots, &c.; "and the return being accepted by the Court, and recorded as *before provided*, shall be valid, as a location of such reserved lands."

The 29th section, c. 121, provides that the return shall be recorded "in the registry of deeds, for the county or registry district where the lands lie." No limitation as to time. The same section provides, that if the doings of the commissioners "be confirmed by the Court, judgment shall be thereupon rendered, that said partition be firm and effectual forever."

This is unlike the case of *Williams* v. *Amory*, 14 Mass. 20. This was not an attempt to make title to the demandant's land by the provisions of a statute, by the extent of an execution upon it.

I am disposed to consider the recording of the proceedings *within six months*, as only directory and not indispensable; *ut res magis valeat, quam pereat.* 15 Mass. 139; 17 Maine, 249; 22 Maine, 105.

I am of opinion that the commissioners having returned that they met "agreeably to previous notice," we may well presume that they gave the notice required by the statute, after their report has been accepted by a Court having jurisdiction of the subject matter.

For these reasons I think the demandant should become nonsuit.