SAMUEL GLIDDEN & *ux. versus* JOHNSON PHILBRICK.

The return of a levy of an execution upon real estate, made under R. S. of 1841, c. 94, § 4, must expressly show that the appraisers were " discreet' as well as " disinterested men," or the levy cannot be sustained.

The officer making such return may amend it, when it can be done in accordance with the truth, and the rights of third persons, acquired in good faith, do not intervene.

So he may amend his certificate of his administration of the oath to the appraisers, by appending his signature to it, when his return and the certificate of the appraisers recite that the appraisers were duly sworn.

Where the officer's return calls the appraisers " persons" instead of " men," the word used in the statute, and specifically mentions them by names given to males, alone, this Court will construe the word " persons" to mean " men" and not women.

Where an entire estate is appraised, set out by metes and bounds and levied upon as the property of the execution creditor, who owned only an undivided portion of it, the levy is valid as to the debtor's undivided part.

ON REPORT.

WRIT OF ENTRY.

Both parties claim title from Matthew Cottrill, the plaintiffs by deeds as follows:—Matthew Cottrill to Samuel Glidden, Feb. 7, 1846 ; Samuel Glidden to Hannah E. Cottril, Sept. 17, 1858 ; and Hannah E. Cottrill to the plaintiff,

Catherine Glidden, April 28, 1860; and the defendant by virtue of a levy, March 7, 1856.

After the testimony was all in, the case was reported to the full Court, with the agreement that, if the defendant's levy was valid or could be so lawfully amended as to be made so, as against the title of Catherine Glidden, the action was to stand for trial.

The remaining facts appear in the opinion.

*A. P. Gould,* for the plaintiffs.

The debtor's " share" in the estate levied upon is not " stated," and hence the levy is invalid. R. S., 1841, c. 94, § 11. Sections 10 and 11 must be made to harmonize; but, if inconsistent, the latter must be held to limit the former and not the former to nullify the latter.

These sections are consistent with each other. The " debtor's interest" in section 10 does not refer to the same thing as the " debtor's share or part" in § 11. The word " interest" refers to the grade or extent of his estate, whether it is a fee simple or any less estate; and the section simply means that any inferior estate of a debtor will pass by a levy although it be described by the appraisers as a fee simple or any grade above that actually owned by the debtor. Whereas the words " share or part," in § 11, refer to the debtor's particular proportion of the estate. So that the Legislature intended by the two sections to provide that a levy upon a debtor's estate inferior in its character should be good, although it be described as a larger one; but that a levy upon an estate held in joint tenancy or tenancy in common should not be good, and should not be held to create an estate in common in the levying creditor unless levied upon as an estate in common, " and the debtor's share or part of it be stated by them."

The construction contended for was given to this section in 1852, in *Howe* v. *Wildes,* 34 Maine, 566, and *Thayer* v. *Mayo,* 34 Maine, 139. And the same having been reënacted in the revision of 1857, R. S., c. 76, § 7, the Legislature thereby adopted the construction with it.

The reason given for this construction in *Howe* v. *Wildes*, *ubi supra*, is not answered in *Swanton* v. *Crooker*, 49 Maine, 455.

Section 11 says the "debtor's share or part must be stated," while the opinion in *Swanton* v. *Crooker*, says in effect the "debtor's share or part need not be stated."

The amendments of the return are not allowable. Vested rights of third persons intervene. If amendments are allowed, they will relate back only to the time they are made, and take effect from that time only. *Means* v. *Osgood*, 7 Maine, 146.

Counsel also cited upon amendments, *Williams* v. *Amory*, 14 Mass., 29; *Pierce* v. *Strickland*, 26 Maine, 277 — 288, 289; *Howard* v. *Turner*, 6 Maine, 106; *Thatcher* v. *Miller*, 13 Mass., 271.

*J. Ruggles*, for the defendant.

APPLETON, C. J., — Amendments are allowed between the parties to a pending suit and to the proceedings to be amended, which would not be permitted when the rights of third persons would be injuriously affected thereby. No amendment of an officer's return should be permitted, when such amendment would destroy or lessen the rights of third persons acquired *bona fide* and without notice by the record or otherwise. *Fairfield* v. *Paine*, 28 Maine, 498. But if the return contain sufficient matter to indicate that, in making the extent, all the requisitions of the statute have been complied with, an amendment may be made, notwithstanding any intervening interest of a subsequent purchaser or creditor. *Ib*. *Fitch* v. *Tyler*, 34 Maine, 463; *Whittier* v. *Varney*, 10 N. H., 291.

The levy in controversy was made under R. S., 1841, c. 94, § 4, which requires the appraisal of real estate to be made "by three discreet and disinterested men."

A levy is void when the sheriff omits to return that the appraisers are discreet and disinterested freeholders. *Williams* v. *Amory*, 14 Mass., 20. So, it must likewise ap-

pear that they are discreet as well as disinterested, else the levy will be void. *Bradley* v. *Bassett*, 2 Cush., 417. To the same effect is the decision of this Court in *Russ* v. *Gilman*, 16 Maine, 209.

The return of the extent must expressly show a compliance with every requirement, which the statute makes essential to its validity. The omission to state the appraisers to be discreet and disinterested would avoid a levy unless amended.

The fact of discretion is no more to be implied than that of disinterestedness. The same reasoning, which would justify the inference of the former, when not expressly stated by the officer, would equally justify the inference of the latter. If one might be inferred, so might the other, and a return omitting the statement of discretion and disinterestedness be upheld because it might be presumed that the officer would not disregard the statute.

In *Pierce* v. *Strickland*, 26 Maine, 277, the officer omitted to certify that the appraisers were disinterested, and returned only that they were discreet and freeholders. The Court held the levy void, and refused, after six years, to permit an amendment. But, in that case, the rights of third persons acquired in good faith would be affected by allowing the amendment. The officer, by whom the return had been made, was out of office and had become a purchaser and was the claimant of the estate levied upon and was a party to the suit then pending in which its validity was to be determined.

In the present case, it appears that the defendant, by virtue of an execution in his favor against Matthew Cottrill, on 7th March, 1856, levied on the premises in controversy as his property. But Cottrill had previously, and on the 26th Feb. 1846, conveyed the same to Samuel Glidden. Both parties claim title from Matthew Cottrill.

It is insisted that the conveyance under which the demandants derive their title is fraudulent and void as to creditors. If so, the fraudulent grantee cannot expect that the law will

protect his claim. He .can be in no better condition than his fraudulent grantor. An amendment, which would be allowable against his grantor, should be equally permitted as against him.

As against Cottrill, the judgment debtor, the return is amendable. An officer will be permitted to amend his return, in order to perfect the title according to the justice and truth of the case, when no rights of third persons have intervened. In *Avery* v. *Bowman*, 39 N. H., 393, an amendment like the one proposed in this case was allowed, it being proved to be in accordance with existing facts.

If the grantee of the judgment debtor hold by a deed fraudulent as to creditors, he cannot retain the estate as against such creditors. The deed of Cottrill to Glidden, under which the demandants claim title, is long prior in time to the levy of the tenant. Being prior in time, if *bona fide*, it must prevail, whether the levy be good or bad. An amendment in such case could have no effect. If the deed was fraudulent, the creditors of the fraudulent grantor should be permitted to impeach it. The amendment, therefore, should be allowed as against the judgment debtor and against his fraudulent grantee. Such grantee and all deriving their title from him, with notice of the fraudulent conveyance, should stand in no better condition than the judgment debtor, through whom they claim.

The amendment should, upon proof of the necessary facts, be allowed, with a qualification saving the rights of all persons acquired in good faith before its allowance. *Chamberlain* v. *Cram*, 4 N. H., 115 ; *Whittier* v. *Varney*, 10 N. H., 291.

The certificate of the oath administered to the appraisers is in due form, but it is not signed by the deputy sheriff, who was authorized by stat. of 1843, c. 13, to administer it. The words, deputy sheriff, are found with a space left for the insertion of his name. In the return signed by him, however, the officer states that he has "caused three disinterested persons of the county of Lincoln to be sworn," &c.

Glidden *v.* Philbrick.

The appraisers likewise state in their appraisal that they were "duly sworn." The return fully indicates that the requirements of the statute in reference to the swearing of the appraisers was complied with. In *Wilton Man. Co.* v. *Butler*, 34 Maine, 431, the omission of an officer to affix his signature to a return of a sale of property on execution, was allowed to be amended, on proof that the return, as amended, was in accordance with the facts. Much more should the officer be permitted to affix his signature to a certificate, which he has recognized in his return.

It was held, in *Swanton* v. *Crooker*, 49 Maine, 455, where an entire estate was appraised, set out by metes and bounds, and levied upon as the property of the debtor in an execution, who was an owner of an undivided portion only of the same, that the levy transferred the debtor's title to his undivided part, it being a less estate than that mentioned by the appraisers. The effect of such a levy was fully considered in that case, and we have no doubt of the correctness of the conclusion to which the Court arrived.

It is suggested that the levy is fatally defective, because the officer in his return calls the appraisers "persons," and not "men," the word used in the statute. The implication is that they might be women. But we should be slow to infer, when masculine names appear on the return, that those "persons" are females because called "persons."

The amendments prayed for may be made, upon proof of the facts, with a saving of all rights acquired in good faith, before its allowance.

KENT, WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.