HUNTRESS, *Petitioner for Partition, versus* TINEY *& al.*

By R. S. c. 94, § 24, it is required that the officer state in his return of a levy of real estate " that they appraised and set off the premises, *after viewing the same*, at the price specified."

Huntress *v.* Tiney.

Although the return does not contain the words " after viewing the same," yet if it appears that the *premises were shown to the appraisers*, the statute requirement is satisfied.

In an action or petition relating to land set off on execution, parol evidence, to contradict or vary the officer's return, is inadmissible.

On REPORT from *Nisi Prius*, WELLS, J., presiding.

PETITION FOR PARTITION. The respondents pleaded they were seized of the premises as tenants in common, each of himself.

The petitioner's title was derived from the levy of an execution in his favor against one John D. Pillsbury, and he offered the original writ, judgment, execution and levy made within thirty days after the judgment, as evidence. The attachment was made April 23, 1850.

In October following, Pillsbury conveyed his interest in the premises to one of the respondents.

The respondents objected to the return of the appraisers and officer, as insufficient, because it did not appear that the *appraisers first viewed the land* levied upon, or that they ever viewed the premises, either before or after their appraisal.

Petitioner asked leave for the officer to amend his return, to show that the appraisers viewed the premises before making the appraisal.

The respondents also offered to prove by one of the appraisers, that he had been deceived in signing the appraisal, and that the premises described in the return were never appraised by them.

The amendment proposed and the parol evidence were rejected.

It was then agreed, if the return be sufficient and the evidence offered by respondents inadmisible, judgment for partition may be entered, and the same judgment if the return be insufficient and the officer has a right to amend so as to affect the title of one of the respondents; but if the officer cannot amend, then judgment to be rendered for respondents.

In case the evidence was admissible the cause to stand for trial.

*N. D. Appleton,* for petitioner, maintained, that the return was sufficient according to R. S., c. 94, § 24, as it *substantially* conformed thereto. The return says " *the same having been shown to us,*" and they necessarily *viewed* the premises. 13 Maine, 154; 15 Maine, 153; 31 Maine, 546; 34 Maine, 463.

If the return be insufficient it is then amendable. 6 Maine, 162; 23 Maine, 498; 27 Maine, 557; 31 Maine, 120; 34 Maine, 463; 35 Maine, 207.

That the testimony was not admissible, he cited 1 Greenl. Ev. 275; 2 Starkie, 544; *Bott* v. *Burnell,* 11 Mass. 163; Comyn's Dig. Return, G.; *Barney* v. *York,* 8 Maine, 272; *Waterhouse* v. *Gibson,* 4 Maine, 230; *Tibbets* v. *Merrill,* 12 Maine, 122; *Crommett* v. *Pearson,* 18 Maine, 344; *Carey* v. *Osgood & al.,* 18 Maine, 152; *Wheeler* v. *Lothrop,* 16 Maine, 18; *Lovett, Pet'r,* 16 Pick. 84; *Allen* v. *Kingsbury,* 16 Pick. 235; *Bamford* v. *Melvin,* 7 Maine, 14; *Cowan* v. *Wheeler,* 31 Maine, 439; *Withington* v. *Warren,* 10 Met. 431; *Bigelow* v. *Maynard,* 4 Cush. 317; *Clark* v. *Burt,* 4 Cush. 396; *Leonard* v. *Smith,* 11 Met. 330; 3 Verm. 420; 19, 334; 5 Conn. 400.

*D. Goodenow,* for respondents, maintained, that the testimony should have been admitted, on the ground that a gross fraud was perpetrated to which the petitioner was a party. That the return was insufficient, he cited 9 Mass. 92; 9 Mass. 96; 11 Mass. 163; 1 Greenl. Ev. (new ed.) 120.

That it could not be amended, *Williams & al.* v. *Bracket,* 8 Mass. 240; *Haywood* v. *Hildreth,* 9 Mass. 396; *Waterhouse* v. *Waite,* 11 Mass. 207; 13 Mass. 483; *Howard* v. *Turner,* 6 Greenl. 106; *Buck* v. *Hardy,* 6 Greenl. 162; *Thacher* v. *Miller,* 13 Mass. 271; *Bates* v. *Willard,* 10 Met. 64; *Hovey* v. *Wait,* 17 Pick. 196.

APPLETON, J. — The petitioner, having a demand against one John D. Pillsbury, and having attached his real estate

on mesne process, obtained judgment, and before the expiration of thirty days therefrom proceeded to extend his execution upon the real estate attached. The validity of this extent is contested by the respondents, and upon the determination of this question, the rights of the parties must depend.

The objection taken, is that the return of the appraisers and of the officer is insufficient because it does not appear that the appraisers first viewed the land levied upon, or that they ever viewed it.

The oath administered to the appraisers was, " that they would faithfully and impartially appraise such real estate of the within named John D. Pillsbury as should be shown to them to satisfy the within execution and all fees." The appraisers certify, that after having been sworn as above, they have appraised and do *hereby* appraise the following described premises, setting them forth particularly in their return, " the *same having been shown us* by Samuel Thompson, the attorney of the creditor, to satisfy this execution and all fees.

The R. S., c. 94, § 24, require that the officer shall state in his return on the execution, *substantially,* the following facts, among others. " *Fourth,* that they appraised and set off the premises after viewing the same, at the price specified."

It is undoubtedly the better course to follow the language of the statute, though in the present case special provision is made for a variation, and for the use of equivalent terms. The appraisers were sworn to appraise what should be shown them. It appears that the premises having been shown were appraised by those to whom they were thus shown. If shown, they were viewed. To show, according to the best lexicographers, is to " exhibit to view," to make to see," to " make to know," to " make to perceive." The degree of examination is no more indicated by the word viewed, than by the word shown. The premises upon which a levy is made, may be shown to or viewed by certain per-

sons, and their opportunities of observation, and their means of judging of its value, may be alike in either case.

The return must be regarded as necessarily implying that the premises appraised have been viewed. The return of an officer, that the debtor refusing to choose an appraiser, two appraisers were chosen by himself, has been held equivalent to the statement that the debtor was notified to choose. *Sturdivant* v. *Sweetsir*, 12 Maine, 520; *Bugnon* v. *Howes*, 13 Maine, 154; *Fitch* v. *Tyler*, 34 Maine, 463. Upon an examination of the return of the appraisers, which the sheriff adopted, we think it appears, "*substantially*," that the appraisers have viewed the premises which they have set off before the same were appraised, and that the levy must be sustained.

2. The return of the sheriff, as between the parties in litigation, is conclusive, and cannot be contradicted by them or their privies. *Brown* v. *Davis*, 9 N. H. 76; *Parker* v. *Guillow*, 10 N. H. 103. The sheriff's return is conclusive as to the formal proceedings by the appraisers and himself, and cannot be controlled by other evidence. *Bott* v. *Burnell*, 11 Mass. 163. Where the appraisers erroneously deducted one third part of the actual value of the land for the possibility of dower existing in the debtor's wife, it was held that parol evidence could not be received to prove this fact. *Boody* v. *York*, 8 Greenl. 272. Nor can it be received to show that certain buildings standing on the land were not included in the appraisement. *Waterhouse* v. *Gibson*, 4 Greenl. 230. The return of the officer, on the levy of real estate, that the appraisers were discreet and disinterested men, is conclusive of the fact. *Grover* v. *Howard*, 31 Maine, 546. So an officer cannot be allowed to contradict his return, that he has delivered seizin to the creditor. *Cowan* v. *Wheeler*, 31 Maine, 439. Indeed, in *Bamford* v. *Melvin*, 7 Maine, 14, MELLEN, C. J., says, it is an incontestable principle of law, that " the return of an officer can never be contradicted, except in an action against the sheriff who made such return." Such indeed seems to be the concurrent doc-

trine of all the authorities. *Root* v. *Colton,* 1 Met. 345;
*Stevens* v. *Brown,* 3 Ver. 421; *Metcalf* v. *Gillett,* 5 Conn.
400.

The evidence of Baker, as offered, is to the entire contra-
diction of the most material parts of the officer's return. It
cannot be received without entirely overruling all the ad-
judged cases bearing upon this question. " If the land is un-
dervalued," remarks WESTON, J., in *Boody* v. *York,* 8 Maine,
272, " the debtor has a year within which to redeem; which
is a much less exceptionable mode of correcting an error to
his prejudice, than that sought now to be enforced."

If the officer has made a false return and one which is in-
jurious to the interests of the defendants, or either of them,
the law affords ample means for the vindication of their
rights. If, then, a wrong has been committed, there are
abundant remedies by which the wrong can be redressed
and compensation therefor be had.

*Partition ordered.*

SHEPLEY, C. J., and TENNEY and RICE, J. J., concurred.